[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 598.]

CABE ET AL., APPELLANTS, *v.* LUNICH, APPELLEE.

[Cite as *Cabe v. Lunich*, 1994-Ohio-4.]

*Motor vehicles—Civil action for bodily injuries—Punitive damages may be awarded, when—Evidence that negligent driver consumed alcohol prior to vehicular accident admissible to justify award of punitive damages—Trial court abuses its discretion in failing to instruct jury that it may award punitive damages, when.*

1. In a civil action for bodily injuries caused by the defendant's operation of a motor vehicle, where liability is determined and compensatory damages are awarded, punitive damages may be awarded upon a showing of actual malice, *i.e.,* (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. (*Preston v. Murty* [1987], 32 Ohio St.3d 334, 512 N.E.2d 1174, approved and followed.)

2. Evidence that a negligent driver had consumed alcohol prior to a vehicular accident is relevant and admissible to establish whether the driver acted with actual malice justifying an award of punitive damages. (*Detling v. Chockley* [1982], 70 Ohio St.2d 134, 24 O.O.3d 239, 436 N.E.2d 208, overruled to the extent inconsistent herewith.)

3. Where a chemical test administered in accordance with R.C. 4511.19 and 4511.191 reveals that a defendant was driving with an alcohol concentration level in his or her body at or above the applicable statutory limits specified in R.C. 4511.19, a trial court abuses its discretion in failing, upon the plaintiff's motion, to instruct the jury that it may find an award of punitive damages to be appropriate if it finds that the driver acted with actual malice

in driving subsequent to having consumed alcohol. (*Detling v. Chockley* [1982], 70 Ohio St.2d 134, 24 O.O.3d 239, 436 N.E.2d 208, overruled to the extent inconsistent with *Preston v. Murty* [1987], 32 Ohio St.3d 334, 512 N.E.2d 1174.)

4. If, following a vehicular accident, evidence exists that a defendant driver refused to submit to a chemical test administered in accordance with R.C. 4511.19 and 4511.191, and evidence exists that the defendant had consumed alcohol prior to the accident, a trial court abuses its discretion in refusing to instruct the jury that it may award punitive damages if the jury finds that the driver acted with actual malice in driving subsequent to having consumed alcohol. (*Detling v. Chockley* [1982], 70 Ohio St.2d 134, 24 O.O.3d 239, 436 N.E.2d 208, overruled to the extent inconsistent with *Preston v. Murty* [1987], 32 Ohio St.3d 334, 512 N.E.2d 1174.)

(No. 93-1458—Submitted May 17, 1994—Decided October 26, 1994.)

APPEAL from the Court of Appeals for Portage County, No 92P0073.

————————————

{¶ 1} On December 20, 1989, at approximately 9:00 p.m., Jean Wilson Cabe ("Cabe"), appellant, was injured when the vehicle she was driving was struck in the rear by a vehicle operate by Dana L. Lunich, appellee. Officers Bobby Brown and Greg Francis of the Ravenna City Police Department arrived at the scene of the accident and detected the odor of alcohol on appellee. Appellee was arrested and was asked by police to submit to a chemical test to determine the concentration of alcohol in her body. Appellee refused to take the test. According to appellee, she ultimately "pled out and was found guilty," and was convicted of driving under the influence of alcohol.

{¶ 2} On June 14, 1991, Cabe filed a complaint for negligence against appellee in the Court of Common Pleas of Portage County. Cabe's husband, Coe Neil Cabe, appellant, joined in the complaint and asserted a claim for loss of

2

consortium. In the complaint, Cabe and her husband (collectively "appellants"), sought recovery against appellee for compensatory and punitive damages. Appellants' claim for punitive damages was based upon information that appellee had been driving under the influence of alcohol at the time of the collision. Appellee responded to the complaint and admitted negligence, but denied allegations of wanton misconduct.

{¶ 3} On March 19, 1992, appellee moved for summary judgment on the claim for punitive damages. The trial court denied appellee's motion. Thereafter, the case proceeded to trial before a jury. At the commencement of the trial court proceedings, the court instructed the jury as follows:

"Ladies and gentlemen, you are instructed that the defendant admits that she was negligent, and that her negligence caused injury to the plaintiff. The issue you will be called upon to decide is an amount of money which will compensate the Plaintiff for the injuries proximately caused by this defendant's negligence.

"You may be called upon to determine whether punitive damages should be awarded."

{¶ 4} Appellee testified that she had consumed four to five alcoholic beverages prior to the accident. She admitted that her consumption of alcohol, together with her failure to maintain control of the vehicle, was reckless. The evidence at trial indicated that appellee neither swerved nor attempted to avoid the collision with Cabe. Evidence was also presented which, if accepted, indicated that appellee may have been driving without her headlights on at the time of the collision, and that appellee should have been able to see Cabe's vehicle for some distance before the collision occurred. Officer Francis testified that appellee was arrested for driving under the influence of alcohol and that she refused to submit to a chemical test to determine the concentration of alcohol in her body.

**{¶ 5}** At the close of appellants' case-in-chief, appellee moved for a directed verdict on the claim for punitive damages. The trial court granted the motion and dismissed the claim, stating, in part:

"* * * [T]he law of course is clear that driving while under the influence of alcohol in and of itself is not sufficient to bootstrap a case of negligence into punitive damages; there has to be shown some other matters. * * *

"* * *

"There has to be some showing of actual malice and that just was not done."

**{¶ 6}** Following the trial court's ruling, which removed the issue of punitive damages from the jury's consideration, appellee chose not to present any witnesses in her defense.

**{¶ 7}** The jury returned its verdict in favor of appellants and against appellee, awarding Cabe $2,870 in compensatory damages. The jury awarded nothing to Cabe's husband on the claim of loss of consortium. The trial court entered judgment in accordance with the jury's verdict. Thereafter, appellants filed a motion for judgment notwithstanding the verdict, or in the alternative, a motion for a new trial. In support, appellants urged that the award of compensatory damages was inadequate to compensate them for the losses they suffered as a result of appellee's negligence. Appellants also urged, among other things, that the issue of punitive damages should have been submitted to the jury. The trial court denied appellants' motion.

**{¶ 8}** On appeal, the court of appeals, citing *Detling v. Chockley* (1982), 70 Ohio St.2d 134, 24 O.O.3d 239, 436 N.E.2d 208, rejected appellants' contention that the trial court erred in directing a verdict in favor of appellee on the issue of punitive damages, holding that "the evidence presented to the trial court did not demonstrate surrounding circumstances to prove the required intent to create a jury question of malice. Cabe's assertion that evidence of intoxication alone should constitute malice has been rejected by the Supreme Court [of Ohio]." The court of

appeals also rejected appellants' contention that they were entitled to a new trial on the issues of compensatory and punitive damages. Accordingly, the court of appeals affirmed the judgment of the trial court.

{¶ 9} The cause is now before this court pursuant to the allowance of a motion to certify the record.

————————————

*Scanlon & Henretta Co., L.P.A., Lawrence J. Scanlon* and *Ann Marie O'Brien*; *Colopy & Calalinuovo* and *Daniel M. Colopy,* for appellants.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Orville L. Reed III* and *James M. Lyones, Jr.,* for appellee.

*McCarthy, Palmer, Volkema & Becker* and *Jeffrey D. Boyd*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

————————————

**A WILLIAM SWEENEY, J.**

{¶ 10} Under current Ohio Statutory law, liability for punitive damages in a tort action is determined by the trier of fact (generally a jury), and once the factfinder determines that punitive damages should be awarded, the amount of punitive damages is determined by the court. R.C. 2315.21(C).[1] The legislature has specifically established that the burden of proving entitlement to an award of punitive damages in a tort action is upon the plaintiff, and must be satisfied by clear and convincing evidence. R.C. 2315.21(C)(3).[2] Punitive damages may not be awarded in Ohio absent proof of actual damages. See, e.g., *Shimola v. Nationwide Ins. Co.* (1986), 25 Ohio St.3d 84, 25 OBR 136, 495 N.E.2d 391.

————————————

1. The constitutionality of R.C. 2315.21 has not been considered by this court. See *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 654, 635 N.E.2d 331, 345, at fn. 7.

2. R.C. 2315.21(C)(3) provides:
   "In a tort action, the burden of proof shall be upon the plaintiff in a question, by clear and convincing evidence, to establish that he is entitled to recover punitive or exemplary damages."

**{¶ 11}** Actual malice is necessary for an award of punitive damages, but actual malice is not limited to cases where the defendant can be shown to have had an "evil mind." We held in *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, that actual malice is present where the defendant possessed either (1) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. In *Preston*, we noted that the latter category of actual malice includes "extremely reckless behavior revealing a conscious disregard for a great and obvious harm." *Id.* at 334, 512 N.E.2d at 1175. The policy of awarding punitive damages in Ohio is both to punish the offending party and to set him up as an example to others, thereby deterring others from similar behavior. *Id.* at 335, 512 N.E.2d at 1176, citing *Detling v. Chockley* (1982), 70 Ohio St.2d 134, 24 O.O.3d 239, 436 N.E.2d 208.

**{¶ 12}** Something more than mere negligence is always required before an award of punitive damages may be made. "This concept is reflected in the use of such terms as 'outrageous,' 'flagrant,' and 'criminal.' The concept requires a finding that the probability of harm occurring is great and that the harm will be substantial." *Preston*, 32 Ohio St.3d at 335-336, 512 N.E.2d at 1176.

**{¶ 13}** In *Detling v. Chockley* (1982), 70 Ohio St.2d 134, 24 O.O.3d 239, 436 N.E.2d 208, we held that evidence of intoxication, standing alone, is insufficient to justify submitting the question of punitive damages to the jury. This court found no error where the trial court had disallowed evidence of the defendant's having operated his motor vehicle while under the influence of alcohol where the defendant had admitted negligence in causing the accident. We today overrule Detling to the extent that it precludes introduction of evidence of voluntary alcohol consumption of a defendant driver in the punitive damages phase of a civil trial. We are convinced that the conduct of drinking and driving may well, under the circumstances of each individual case, constitute the kind of reckless,

outrageous behavior justifying a jury to conclude that the defendant possessed a willful indifference to the rights and safety of others justifying an award of punitive damages. We hold that evidence that a negligent driver had consumed alcohol prior to a vehicular accident is relevant and admissible to establish whether the driver can be deemed to have acted with actual malice justifying the award of punitive damages.

{¶ 14} We also take judicial notice of the fact that the more alcohol one consumes, the more likely it is that he or she is impaired by alcohol intoxication. We concur with those courts that have recognized that, where punitive damages are sought based on drunk driving, " '[a]s the degree of impairment by the voluntary consumption of alcohol increases, the need for other aggravating circumstances lessens, and vice versa.' " *Seymore v. Carcia* (1991), 24 Conn.App. 446, 452, 589 A.2d 7, 11 (citing *Nast v. Lockett* [1988], 312 Md. 343, 362, 539 A.2d 1113, 1122). The legislature of this state has established that no person may operate a vehicle where his blood-alcohol level is equal to .10 percent by weight. R.C. 4511.19(A). The General Assembly has thus set this level of alcohol consumption as being indicative of a level of intoxication beyond which it is not safe to drive. Accordingly, we hold today that where a chemical test administered in accordance with R.C. 4511.19 and 4511.191 reveals that a defendant was driving with an alcohol concentration level in his or her body at or above the applicable statutory limits specified in R.C. 4511.19, a trial court abuses its discretion in failing, upon the plaintiff's motion, to instruct the jury that it may find an award of punitive damages to be appropriate if it finds that the driver acted with actual malice in driving subsequent to having consumed alcohol.

{¶ 15} Similarly, the legislature has determined that a police officer with reasonable grounds to believe that a driver is under the influence of alcohol may request that driver to undergo a blood-alcohol test. R.C. 4511.191(A). Statutory consequences flow from a driver's refusal to take such a test. R.C. 4511.191(E).

Consistent with this legislative framework, we hold that where evidence exists that following a vehicular accident a defendant driver refused to submit to a chemical test administered in accordance with R.C. 4511.19 and 4511.191, a trial court abuses its discretion in refusing to instruct the jury that it may award punitive damages if the jury finds that the driver acted with actual malice in driving subsequent to having consumed alcohol.[3]

{¶ 16} In the case at bar appellee had several alcoholic beverages prior to driving her vehicle into the rear of the vehicle operated by Cabe. Appellee was arrested for driving under the influence of alcohol and refused to submit to a chemical test. Thus, the trial could erred in refusing to submit the issue of punitive damages to the jury, and Cabe, who was found to have suffered compensable harm as a result of appellee's negligence, is entitled to a new trial on the issue of punitive damages, since he was awarded no compensatory damages on his claim for loss of consortium.

---

3. Our holdings today are not meant to necessarily impact existing law involving the admissibility of evidence of alcohol use for purposes other than establishing a basis for a punitive-damages instruction. Cf. *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 28 OBR 410, 504 N.E.2d 19, and *Parton v. Weilnau* (1959), 169 Ohio St. 145, 8 O.O.2d 134, 158 N.E.2d 719. The Ohio Rules of Evidence, Rules of Civil Procedure and Rules of Criminal Procedure remain in full effect in tort actions in which alcohol consumption is involved. Accordingly, pleas of no contest to a criminal charge of violation of R.C. 4511.19 may not be introduced as an admission against interest in a subsequent civil trial. See Crim.R. 11(B)(2) ("The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and *such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding*." [Emphasis added.]). However, evidence of blood-alcohol test results may be relevant to the determination of the existence of negligence (as are the other factual circumstances surrounding the occurrence of an accident) and thus admissible pursuant to Evid.R. 402, and submission of those results is not precluded by Crim.R. 11(B)(2).

We note as well that Civ.R. 42(B) authorizes a trial court to order claims to be tried separately in order to avoid prejudice. ("The court, after a hearing * * * to avoid prejudice, * * * may order a separate trial of any claim or issue, * * * always preserving inviolate the right to a trial by jury.") Where a punitive-damages instruction is warranted based on the precedent established in this case, that claim for punitive damages may, depending on the particular facts of the case, be best considered separately from the determination of the defendant's liability based on traditional tort principles.

**{¶ 17}** As a final matter, appellants suggest that they are entitled to a new trial on the issue of compensatory damages. We find nothing manifestly unreasonable in the amount of the jury's verdict, and the record is devoid of any indication of passion or prejudice. Therefore, we reject appellants' arguments in this regard.

**{¶ 18}** For the foregoing reasons, we affirm the judgment of the court of appeals, in part, and we reverse it in part. We remand this cause to the trial court to conduct a new trial on Cabe's claim for punitive damages. On remand, a jury, if one is impanelled for this purpose, shall be instructed that it should find the defendant liable for punitive damages if it finds by clear and convincing evidence, under all the circumstances including alcohol consumption prior to driving, that defendant acted with conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., CONCUR. WRIGHT, J., concurs in part and dissents in part.

_____

**WRIGHT, J.,** concurring in part and dissenting in part.

**{¶ 19}** I concur in the opinion except as to paragraph four of the syllabus to which I dissent. I do not believe that a plaintiff should be entitled automatically to an instruction on punitive damages because a defendant exercised his or her statutory right to refuse to submit to a chemical test in accordance with R.C. 4511.19 and 4511.191. Ohio's implied consent law may justify the suspension of the driving privileges of a driver who refuses to take the test, but in my view the implied consent law simply has no relation to whether a driver acted with actual malice, nor should we so hold.

**{¶ 20}** Rather, the plaintiff should be required to submit evidence of the defendant's intoxication.  In the present case, the appellee's own admission and other evidence indicated she was intoxicated.  Therefore, I concur in the judgment not because appellee refused to take the test, but because the evidence of intoxication makes it a jury question whether appellee acted with "actual malice" as defined in *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174.

————————————