CAPPARA, APPELLANT, *v.* SCHIBLEY ET AL., APPELLEES.

[Cite as *Cappara v. Schibley* (1999), 85 Ohio St.3d 403.]

404

(No. 98–81—Submitted February 10, 1999—Decided May 12, 1999.)

*Spangenberg, Shibley & Liber, L.L.P., Dennis R. Lansdowne* and *John R. Liber II,* for appellant.

*Williams, Sennett & Scully Co., L.P.A., James A. Sennett* and *Adam E. Carr,* for appellees.

LUNDBERG STRATTON, J. We are confronted in this case with the issue of whether a person's record of DUI convictions, subsequent in time to an earlier accident, is admissible to prove that person's state of mind, *i.e.,* malice or conscious disregard for the rights and safety of other persons, at the time of the earlier accident. Because such evidence is not relevant and is highly prejudicial, we affirm the court of appeals. We hold that evidence of a subsequent driving record is not admissible to establish the state of mind of a driver at the time of an accident.

Appellant argues that Schibley's subsequent driving record is admissible under Evid.R. 404(B) as "proof of motive, plan or knowledge." He claims that Schibley's subsequent DUI convictions, as well as prior instances of driving while intoxicated and evidence of intoxication at the time of this accident and fleeing the scene, establish a "pattern of vehicular misconduct" sufficient to prove Schibley's state of mind when his vehicle struck Cappara's vehicle. Appellant reasons that this court's analysis in *Cabe v. Lunich* (1994), 70 Ohio St.3d 598, 640 N.E.2d 159, should apply to any evidence of drinking and driving regardless of when such behavior occurred in relation to a vehicular accident. Appellant urges this court to establish a rule that would penalize such recurrent and repeated behavior behind the wheel.

In *Cabe,* we held that evidence of a negligent driver's consumption of alcohol *prior* to a vehicular accident is relevant and admissible to establish whether the driver acted with malice in order to justify an award of punitive damages. *Id.* at paragraph two of the syllabus. Here, unlike in *Cabe,* there is no *direct* evidence of alcohol consumption prior to the accident. Furthermore, *Cabe* did not involve evidence of subsequent acts of drinking and driving. Although in *Cabe* we recognized the dangers of drinking and driving, admission of evidence of such behavior immediately *prior* to a vehicular accident does not justify admission of evidence of *subsequent* acts in order to establish the driver's state of mind at an *earlier* time. Therefore, *Cabe* does not serve as authority for appellant's position.

Indeed, Schibley's DUI convictions that occurred subsequent in time to the accident in question are clearly not relevant toward his state of mind at the time of the accident. We agree with the court of appeals that "[i]t is seemingly impossible to show malice, *i.e.,* a defendant's state of mind and/or conscious disregard, with occurrences which were subsequent in time to the event from

which the negligence arose." To hold that Schibley's subsequent driving record is relevant and admissible to establish an ongoing "pattern of vehicular misconduct" would essentially allow a complaining party to use a person's subsequent crimes and bad acts "in order to show that he acted in conformity therewith" at the time of the accident in question. Evid.R. 404(B). This is precisely what Evid.R. 404(B) is designed to prevent.

It is implausible that one's record of subsequent DUI convictions would have any relevance upon his state of mind at an earlier, unrelated event. There is no corollary between the subsequent convictions in 1993 and 1994 and Schibley's negligence in October 1992. This is unlike the scenario in *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, where the subsequent act of destroying or falsifying medical records was sufficient to prove actual malice. In *Moskovitz,* the subsequent act was related to and a consequence of the initial negligent conduct and could have been construed as evidence of guilt. Likewise, Schibley's fleeing the scene and subsequent failure to disclose his involvement in the accident with Cappara are admissible for the purpose of attempting to establish a punitive damages award. These actions following the accident were directly related to or the result of Schibley's negligence. A separate, unrelated DUI conviction subsequent in time is not.

Furthermore, this evidence was extremely prejudicial to Schibley on the issue of punitive damages and to Schibley Chemical on the claim of negligent entrustment. The jury's finding that Schibley and Schibley Chemical acted with conscious disregard for the rights of others, and its award of punitive damages, were premised upon its belief that Schibley was intoxicated at the time of the accident. However, as the court of appeals concluded, there was no direct evidence that Schibley was intoxicated at the time. There were no tests for alcohol impairment performed immediately subsequent to the accident. The only testimony implicating intoxication at the time came from the security guard, Clifford Roach, who observed Schibley from several feet way and who observed only his head and shoulders. Roach did not speak with Schibley and was not close enough to detect any alcohol odor.

Schibley's previous driving convictions, admitted for the sole purpose of proving negligent entrustment, occurred more than two years prior to this accident. Thus, appellant had to rely on Schibley's entire driving record in order to prove intoxication at the time of the accident. This was obvious given Cappara's counsel's remarks in closing argument when referring to Schibley's prior DUI convictions:

"What else is out there that we don't know about? Well, I don't want you to speculate.

"I'm not going to ask you to assume that he has done other things. I want you to rely on what we brought before you today and can show you because, frankly, I don't think anybody knows what else is out there."

Despite his comments to the contrary, counsel for Cappara tacitly encouraged the jury to consider Schibley's subsequent driving record in order to determine his state of mind at the time of this accident and whether Schibley Chemical had negligently entrusted its vehicle to him. The court of appeals correctly concluded that we do not know that the jury would have reached the same conclusions and awarded Cappara punitive damages had the trial court not admitted evidence of Schibley's subsequent driving record. Therefore, it is likely that his subsequent driving infractions, including the two DUI convictions, were significant factors to the jurors who concluded that Schibley, and Schibley Chemical, acted with a conscious disregard for the rights of others at the time of this accident.

Because of the prejudicial nature of Schibley's subsequent driving record, the trial court's admission of the evidence did not constitute harmless error. A court's error may be considered harmless only if it does not affect the substantial rights of the parties. Civ.R. 61. "Generally, in order to find that substantial justice has been done to an appellant so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision." *Hallworth v. Republic Steel Corp.* (1950), 153 Ohio St. 349, 41 O.O. 341, 91 N.E.2d 690, paragraph three of the syllabus. Had this error not occurred, the jurors may have reached a different decision with respect to the negligent-entrustment claim and findings that both appellees acted with a conscious disregard for the rights of others. Therefore, substantial justice was not done. The error was not harmless. Because the jury did not indicate the extent to which Schibley Chemical's negligent entrustment proximately caused Cappara's damages, and the negligent entrustment claim is so intertwined with both the compensatory and punitive damage awards, the court of appeals correctly reversed and remanded for a new trial.

We are not unmindful of the dangers and serious consequences that result from persons who drive while intoxicated, whether first-time or repeat offenders. We also realize the strong public policy behind the use of punitive damages to punish malicious behavior. However, the criminal justice system is designed to impose criminal sanctions on persons who drink and drive. We would be establishing a dangerous precedent should we adopt appellant's first proposition of law. It would be inherently unfair to allow the admission of a person's subsequent record of driving while intoxicated to establish his or her state of mind at an earlier,

unrelated event in time. Such evidence is not relevant, highly prejudicial, and, consequently, not admissible. Evid.R. 401 and 403.

Therefore, for the reasons stated, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

DOUGLAS and RESNICK, JJ., dissent.

**PFEIFER, J., concurring in part and dissenting in part.** I would find in this particular case that Loren Schibley's subsequent DUI convictions could properly be admitted to assist the trier of fact in determining Schibley's state of mind, which is relevant to determine whether Schibley acted with malice. Schibley's driving record as a whole depicts a man who shows little compunction about driving drunk. A pattern of behavior may provide limited insight of a mindset at the time of this accident. Schibley's pattern was of a man who gave little regard for others' safety, or his own.

I am not suggesting that the evidence could be admitted to prove that Schibley was driving drunk on the night of the accident, but only to show his possible mindset. To the extent that a pattern of driving drunk is relevant, the conduct immediately preceding this accident would seem to offer scarcely more insight than a continuation of the pattern immediately after this accident. Without the prior conduct, evidence of subsequent acts should not be permitted. It is repeated acts before and after when tried together that give probative value.

In this limited fact pattern, I would find that the trial court did not abuse its discretion in admitting the evidence. I would reverse the court of appeals and reinstate the judgment of the trial court with respect to Loren Schibley personally. I would affirm the court of appeals' finding that the subsequent driving acts have no bearing on the case of negligent entrustment against the corporation.

**DOUGLAS, J., dissenting.** I respectfully dissent. I would reverse the judgment of the court of appeals and reinstate the verdict of the jury and the judgment of the trial court.

RESNICK, J., concurs in the foregoing dissenting opinion.