OPINION
Defendant-appellant, Kathryn Clary Pittman, appeals from the decision of the Monroe County Court of Common Pleas, entering judgment in favor of plaintiff-appellee, Robert A. Clary, and awarding him $5,000 following a bench trial.
The parties were married from November 13, 1971 until their divorce on September 9, 1996. They had two children one of whom, Linda Clary Myers (Myers), was previously a defendant in this case before appellee dismissed her. Appellee filed the instant action on January 5, 1998 against appellant, Myers, Wesbanco-Barnesville (Wesbanco), Sallie Mae Servicing Corporation (Sallie Mae), and VW Credit, Inc. (VW Credit) alleging that while appellee and appellant were married, appellant forged appellee's name to a promissory note and a lease agreement making appellee liable for the payment of a student loan and a lease on an automobile for Myers.
The trial court granted a default judgment in favor of appellee against Sallie Mae and VW Credit since they failed to answer or otherwise plead to the complaint filed against them. The court ordered that appellee would have no liability on any instruments between him and these defendants that arose from transactions involving Myers.
The case proceeded to trial between appellee, appellant, and Wesbanco. Appellee presented evidence that Wesbanco did not witness who signed the promissory note nor did it attempt to verify or confirm the signature that appeared on the note. Therefore, the trial court granted a declaratory judgment that rescinded the promissory note and declared it void as between Wesbanco and appellee.
The court entered judgment on October 3, 2000. It found that appellant forged appellee's signatures on the promissory note for the student loan and on the lease agreement for Myers' automobile. The court found that appellant's forgery constituted "deliberate and intentional acts of fraud, misrepresentation and deceit." (October 3, 2000 Judgment Entry). It found that appellant's actions caused appellee actual damages in the amount of $3,740. The court awarded appellee his actual damages plus $1,260 in punitive damages for a total of $5,000. The present appeal followed.
At the outset, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
Appellant raises three assignments of error, the first of which states:
 "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL AND, IN FACT, IS BASED UPON NO EVIDENCE."
Appellant argues that the trial court's judgment was against the manifest weight of the evidence. She asserts that while appellee testified that he did not sign the lease agreement or promissory note, he did not state with certainty that appellant was the one who signed his name. She also points out that while findings from the Bureau of Criminal Identification and Investigation (BCII) established that appellee did not sign the promissory note, they did not establish that she was the one who signed it. Furthermore, appellant argues that she testified that she did not sign appellee's name to either document.
Judgments supported by some competent, credible evidence going to all the essential elements of a case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. In considering whether the trial court's judgment is against the manifest weight of the evidence, it is important that the appellate court be guided by a presumption that the findings of the trier of fact are correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80.
A claim of common law fraud requires proof of the following elements:
 "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Friedland v. Lipman (1980), 68 Ohio App.2d 255, paragraph one of the syllabus.
Competent, credible evidence exists to support the trial court's decision in this case. Appellee testified that he did not sign the promissory note or the lease agreement. Myers testified that she did not sign appellee's name to either document. Appellee further testified that he was not even aware of either document until he began receiving letters and notices of default regarding the two instruments. He also testified that along with the lease, VW Credit had obtained a photocopy of his driver's license and information about his employment and credit cards. Appellee testified that no one but appellant would have access to this information.
Appellee submitted the findings from BCII's handwriting analysis, which reported that appellee did not sign the promissory note. BCII's report also indicated that appellant could not be identified nor excluded as being the writer of appellee's signature.
Appellee testified that he suffered approximately $4,200 in actual damages including attorney's fees, court costs, and lost wages. Appellee stated that he had to file this lawsuit in order to get Sallie Mae and VW Credit to remove his name from their accounts. Appellee also testified that he was subject to numerous telephone calls and demands for payment from both Sallie Mae and VW Credit. In addition, he claimed that he suffered emotional strain, worry and aggravation as a result of the repeated calls and letters.
Carol Coss (Coss), a Wesbanco employee, testified that although the loan has been satisfied, VW Credit is still reporting a repossession and charge off on appellee's credit report. Coss also testified that this was an adverse report and that it would have an adverse effect on a credit application.
Appellant testified that she did not sign appellee's name to either the promissory note or the lease agreement. She also testified that she did not remember if she saw appellee sign those documents. Appellant testified that she was not contending that Myers or anyone else signed the documents.
No testimony was presented that appellee signed either document other than appellant's testimony that she believed appellee had signed the promissory note.
The trial court found, based on the testimony and exhibits, that appellant signed appellee's name to the promissory note and lease agreement. The court also found that appellant's acts were deliberate and intentional acts of fraud, misrepresentation and deceit. Given all of the testimony and exhibits, the trial court had competent, credible evidence on which to base its decision.
Consequently, appellant's first assignment of error is without merit.
Appellant's remaining assignments of error are closely related, thus we will address them together. Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING PUNITIVE DAMAGES AND ATTORNEY FEES IN THIS CAUSE WITHOUT PROOF OF ACTUAL DAMAGES."
Appellant's third assignment of error states:
 "THE TRIAL COURT ERRED IN AWARDING APPELLEE PUNITIVE DAMAGES AND ATTORNEY FEES WITHOUT REQUIRING THE APPELLEE TO PROVE THAT HE WAS ENTITLED TO RECOVER SUCH DAMAGES BY CLEAR AND CONVINCING EVIDENCE."
Appellant argues that the trial court should not have awarded appellee punitive damages or attorney's fees since he did not prove actual damages. She maintains that appellee has not been required to pay any money towards either the promissory note or the lease agreement, nor has anyone refused him a loan due to poor credit. Additionally, she argues that appellee would not have incurred any attorney's fees had he not brought this action. Finally, she argues that appellee failed to meet the burden of clear and convincing evidence in proving that he was entitled to recover punitive damages and attorney fees.
Generally, attorney fees are not recoverable by the prevailing party absent a statute providing for the award. Vance v. Roedersheimer (1992),64 Ohio St.3d 552, 556. However, an exception exists when the opposing party acts in bad faith or with malice. Vinci v. Ceraolo (1992),79 Ohio App.3d 640, 649. The trial court may award attorney fees when the trier of fact determines that the fees are the legal consequence of the original wrongful act. Homes by Calkins, Inc. v. Fisher (1993),92 Ohio App.3d 262, 273. When the opposing party acts in bad faith, the court may include the plaintiff's attorney fees as a component of compensatory damages. Vinci, 79 Ohio App.3d at 649. "Attorney fees are recoverable as compensatory damages by a plaintiff in an action in which punitive damages are proper." Id. (Emphasis sic.)
In order for appellee to recover punitive damages, the court had to first find that appellee was entitled to actual damages. Appellee testified that he incurred approximately $3,000 in attorney fees and $500 in costs. He also testified that he suffered lost wages of approximately $700 resulting from taking time off work to prepare for trial. The court found that appellee suffered $3,740 in actual damages including attorney fees, court costs and lost wages as a result of bringing this action.
Appellee's attorney fees were the legal consequence of appellant's wrongful act of forging appellee's name to the promissory note and lease. Had appellant not forged appellee's name, appellee would not have had to file the instant lawsuit. Appellee testified that he had to file this action in order to stop Sallie Mae and VW Credit from proceeding with collection efforts against him. In addition, Wesbanco did not stop collection efforts against appellee until the court entered a declaratory judgment that the promissory note was void as between appellee and Wesbanco. Appellee was forced to file this action to protect his credit. Accordingly, the trial court properly found that appellee incurred actual damages.
The trial court may award punitive damages in tort cases involving fraud, insult or malice. Columbus Finance, Inc. v. Howard, (1975),42 Ohio St.2d 178, 183. Punitive damages require a "positive element of conscious wrongdoing." Preston v. Murty (1987), 32 Ohio St.3d 334, 335. Punitive damages are awarded in order to punish the wrongdoer and deter others from similar behavior. Id.
R.C. 2315.21 deals with punitive damages in tort cases. It states, in pertinent part:
 "(B) Subject to division (D) of this section, punitive or exemplary damages are not recoverable from a defendant in question in a tort action unless both of the following apply:
 "(1) The actions or omissions of that defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult, or that defendant as principal or master authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate;
 "(2) The plaintiff in question has adduced proof of actual damages that resulted from actions or omissions as described in division (B)(1) of this section."
A party seeking punitive damages has the burden of proving by clear and convincing evidence that he is entitled to such damages. R.C.2315.21(C)(3); Cabe v. Lunich (1994), 70 Ohio St.3d 598, 601. "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
The trial court found that appellant's acts in signing appellee's name to the promissory note and lease agreement "were performed with the intent to defraud; were performed with malice and intent to insult and injure; and were done with wanton and reckless disregard of the legal rights of others." (October 3, 2000 Judgment Entry). Appellant must have known that she was signing appellee's name to the promissory note and lease agreement when she did so, yet she proceeded with a conscious disregard for the effect on appellee. In addition, the court awarded appellee $3,000 in actual damages. As previously discussed, appellee proved that his actual damages resulted from appellant's wrongful act. Since the trial court found R.C. 2315.21(B)(1) and (2) to apply, it properly awarded appellee punitive damages.
Therefore, appellant's second and third assignments of error are without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.