In re Matthew L. **PAINTER**, Debtor.

**S.L. Pierce Agency, Inc., Plaintiff,**

v.

**Matthew L. Painter, Defendant.**

**Bankruptcy No. 02–50569.
Adversary No. 02–02195.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Nov. 1, 2002.

670

Daniel F. Ryan, Columbus, OH, for Plaintiff.

Rebecca J. Stumler, Columbus, OH, for Defendant.

### ORDER ON DEFENDANT, MATTHEW L. PAINTER'S MOTION FOR JUDGMENT ON THE PLEADINGS

DAVID E. CALHOUN, Jr., Bankruptcy Judge.

This matter comes before the Court upon Defendant Matthew L. Painter's Motion for Judgment on the Pleadings ("Motion"), Plaintiff's Response in Opposition to Defendant, Matthew L. Painter's Motion for Judgment on the Pleadings ("Memo Contra"), and Defendant, Matthew L. Painter's Reply Memorandum to Plaintiff's Response in Opposition ("Reply").

1. Plaintiff attached to the adversary proceeding complaint copies of the Decision and Entry Adopting the June 25, 2001 Magistrate's Decision and the Magistrate's Decision to the adversary proceeding complaint. The Decision and Entry Adopting the June 25, 2001 Magistrate's Decision was entered in the Franklin County, Ohio Common Pleas Court (Case No. 99CVH09–8067) on September 17,

### I. *Statement of Jurisdiction*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

### II. *Factual Background* [1]

William Painter is the father of Michael Painter and Matthew Painter. William Painter worked as an independent contractor for Plaintiff from 1986 to 1998. (Magistrate's Decision, p. 1). William Painter had serious health problems that affected his ability to service Plaintiff's insurance clients. Michael Painter and Matthew Painter assisted in providing service to their father's clients in 1996 and 1997. (Magistrate's Decision, p. 3). Michael Painter and Matthew Painter were involved primarily in the sale of securities at that time. In 1997, Plaintiff became aware that contact was being made by Michael Painter and Matthew Painter. Plaintiff became concerned that its clients assigned to William Painter were surrendering annuities to purchase securities sold by Michael Painter and Matthew Painter. (Magistrate's Decision, p. 4). In April of 1998, William Painter retired.

William Painter's contract with Plaintiff included noncompetition and confidentiality provisions. The contract also provided for payment of renewal commissions upon his retirement. Those renewal commissions were paid until February 1999. However, in February of 1999, the renewal commissions were stopped because Plain-

2001. The Magistrate's Decision was entered on June 25, 2001. Neither Defendant nor Plaintiff has asserted that any of the magistrate's factual findings or conclusions of law were not necessary to the state court judgment. Pertinent background facts have been taken from the Magistrate's Decision and included within this Factual Background section.

tiff concluded that business was being rolled to a competitor. (Magistrate's Decision, p. 5).

Plaintiff filed an action in the Court of Common Pleas, Franklin County, Ohio, against William A. Painter on September 27, 1999. On June 2, 2000, Plaintiff filed an Amended Complaint, adding as defendants Michael Painter, Matthew Painter, and Painter and Painter, Inc. William Painter filed a counterclaim on September 1, 2000. The parties in the state court action agreed to waive their jury demands, and the case was referred to a state court magistrate. The magistrate held a trial on June 11, 2001. At the trial, the parties appeared and presented evidence and testimony. On June 19, 2001, the parties filed post-trial briefs. (Magistrate's Decision, p. 1). After weighing the evidence admitted at trial, the magistrate entered his Decision on June 25, 2001.

Within the state court proceeding, Plaintiff alleged that Defendants violated Ohio Revised Code § 1333.61, et seq. Ohio Revised Code § 1333.63 provides that a complainant in a civil action may recover damages for misappropriation of a trade secret. Within the state court Decision, the magistrate concluded that Michael Painter and Matthew Painter misappropriated a trade secret of Plaintiff in violation of Ohio Revised Code § 1333.61, et seq. by compiling a list of Plaintiff's customers and using it to take the Plaintiff's customers for themselves. (Magistrate's Decision, p. 11). The magistrate further concluded that Defendant William Painter breached his obligations under his agency contract. (Magistrate's Decision, p. 14). Based upon the state court's findings, the magistrate determined that the evidence supported an award of damages for 109 customers proven to have been switched from the Plaintiff's agency. The magistrate determined that the total dam-

ages for the six-year expected life of the book of business equaled $98,100.00, and judgment was granted, jointly and severally, against the state court defendants. (Magistrate's Decision, p. 16).

Within the state court proceeding, the Plaintiff also requested an award of punitive damages and attorney fees. The magistrate determined that there was "insufficient evidence before the magistrate of actual malice, as required to support an award of punitive damages. *See, e.g., Cabe v. Lunich* (1994) 70 Ohio St.3d 598[, 640 N.E.2d 159]. Accordingly, an award of attorney fees [was] not warranted under the law." (Magistrate's Decision, p. 16).

The Magistrate's Decision was adopted by a judge of the Franklin County Court of Common Pleas on September 17, 2001. The parties involved in the state court proceeding did have an opportunity to object to the Decision. No objections were filed and no appeal was taken.

On January 16, 2002, Defendant filed a voluntary petition under Chapter 7. On April 26, 2002, Plaintiff filed its adversary proceeding. Within the adversary proceeding, Plaintiff alleged that Defendant's actions based upon the state court judgment in Case No. 99 CVH–09–8067, were both willful and malicious as those terms have been defined for purposes of 11 U.S.C. § 523(a)(6). Plaintiff further alleged that the acts were intentionally and deliberately committed by the Defendant with the specific and intended consequence that such acts would cause harm to Plaintiff. Plaintiff requested the Court to determine the debt of Defendant owed to Plaintiff to be nondischargeable.

### III. *Standard of Review*

Rule 12(c) of the Federal Rules of Civil Procedure incorporated by Bankruptcy Rule 7012 provides:

After the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

For purpose of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the non-movant must be taken as true. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993). *See, also, Southern Ohio Bank v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973). A motion for judgment on the pleadings is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Paskvan v. City of Cleveland Civil Serv. Commission*, 946 F.2d 1233, 1235 (6th Cir.1991).

## IV. *Arguments*

Through his Motion, Defendant requests this Court to enter a judgment in his favor and to dismiss the complaint to determine dischargeability based upon collateral estoppel and *res judicata*. Defendant argues that collateral estoppel applies because Plaintiff and Defendant presented evidence and litigated the matter in the state court. While Plaintiff was granted a judgment for compensatory damages, the state court determined that there was "insufficient evidence of actual malice." (Magistrate's Decision, p. 16). Defendant argues that determination precludes the Plaintiff's claim under 11 U.S.C. § 523(a)(6). Defendant further argues that the state court's determination to deny Plaintiff's claim on interference with contract also precludes Plaintiff's claim under 11 U.S.C. § 523(a)(6).

Through its Memo Contra, Plaintiff, S.L. Pierce Agency, Inc., responds and argues that the standard used by the state court was far different than the standard required for determination of dischargeability under 11 U.S.C. § 523(a)(6). Plaintiff argues that the Motion should be dismissed by this Court. Plaintiff also argues that the state court's findings of fact that "Michael and Matthew Painter made a concerted effort to take the Agency's [Plaintiff's] customers for themselves" are sufficient for the Court to determine that Plaintiff's claim is nondischargeable under 11 U.S.C. § 523(a)(6). (Magistrate's Decision, pp. 11–12).

## V. *Legal Analysis*

### A. *Res Judicata* and Collateral Estoppel

■ By definition, a claim is barred by *res judicata* if all of the following elements are met: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Browning v. Levy (In re Browning)*, 283 F.3d 761, 772–773 (6th Cir.2002)(quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

■ The doctrine of collateral estoppel, also referred to as issue preclusion, prevents a party from relitigating issues that were actually litigated in a prior proceeding. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461 (6th Cir.1999). The Sixth Circuit has held that:

> . . . the application of collateral estoppel in a nondischargeability action depends

upon whether the applicable state law would give collateral estoppel effect to the judgment. *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir.1997).

In order to successfully assert collateral estoppel under Ohio law, a party must plead and prove the following elements: (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). *Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 226 B.R. 385, 388 (6th Cir. BAP 1998).

In reviewing the Magistrate's Decision, the Motion, the Memo Contra and the Reply, it is uncontroverted that both the Plaintiff and Defendant were involved in the underlying state court action. Further, it is uncontroverted that the state court issued a final judgment following an evidentiary hearing with the opportunity to submit supplemental legal briefs. The issue remaining is if the state court made a finding regarding malice that can preclude this Court from having to make its own determination of "willful and malicious" as it is used in 11 U.S.C. § 523(a)(6).

### B. *11 U.S.C. § 523(a)(6)*

Section 523(a)(6) of the Bankruptcy Code provides as follows:

A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt... for willful and mali-cious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

The United States Supreme Court has held that a debt is nondischargeable under 11 U.S.C. § 523(a)(6) if it results from an act with "intent to cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). Since, *Geiger*, the Sixth Circuit has interpreted 11 U.S.C. § 523(a)(6) by using a strict subjective approach. See, *Carillo v. Su (In re Su)*, 290 F.3d 1140 (9th Cir.2002). The Sixth Circuit has held "that unless 'the actor desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it', he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *In re Markowitz*, 190 F.3d at 464 (internal citation omitted).

### C. *Standard of proof for 11 U.S.C. § 523(a)(6)*

The Supreme Court of the United States addressed the standard of proof for "willful and malicious" in 1991. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In *Grogan*, the Supreme Court determined that the standard is "preponderance of the evidence." *Id.* This standard of proof is different than the standard used by the state court.

### D. *Standard of proof for punitive damages in state court*

Ohio courts allow punitive damages to be awarded in trade secret cases usually "where the evidence shows that defendant acted willfully and intentionally and with malicious intent." See *Macdermid Incorporated v. Electrochemicals, Inc.*, No. 96–3995, 96–4072, 1998 WL

165137, at \*11 (6th Cir.1998)(unpublished), *quoting Pyromatics v. Petruziello,* 7 Ohio App.3d 131, 454 N.E.2d 588, 595 (1983). In the underlying state court case, the magistrate determined that there was "insufficient evidence before him of actual malice," as required to support an award of damages. *See, e.g., Cabe v. Lunich,* 70 Ohio St.3d 598, 640 N.E.2d 159. Accordingly, an award of attorney's fees [was] not awarded under the law. (Magistrate's Decision, p. 16). In looking at *Cabe,* the Ohio Supreme Court defined "actual malice" as being "... present where the defendant possessed either: (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Id.* at 601, 640 N.E.2d 159. *See also, Preston v. Murty,* 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987).

The "actual malice" determination within the state court case required it to be proven by "clear and convincing evidence." *Id.* at 601, 640 N.E.2d 159. Under Ohio law, clear and convincing evidence is a degree of proof that is "more than a 'mere preponderance of the evidence'... which will prove in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cleveland Bar Association v. Cleary,* 93 Ohio St.3d 191, 754 N.E.2d 235. (quoting *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954)).

### E. *Application of different standards of proof to the case at bar*

The difference in evidentiary standards between the standard of proof of "willful and malicious" for 11 U.S.C. § 523(a)(6) and the state court's standard of proof used for punitive damages is important. If the state court judgment resulting from defendant's misappropriation of trade secrets awarded attorney's fees, then collateral estoppel would apply. Collateral estoppel would apply because a finding of malice is required under Ohio law for the award of attorney's fees. *See Rowe Oil, Inc. v. McCoy (In re McCoy),* 189 B.R. 129, 134 (Bankr.N.D.Ohio 1995).

Further, if the state court judgment resulting from defendant's misappropriation of trade secrets awarded punitive damages, then collateral estoppel would also apply. The state court's award of punitive damages would be indicative of a finding of malice. *See The Spring Works, Inc. v. Sarff (In re Sarff),* 242 B.R. 620, 627–28 (6th Cir. BAP 2000). The standard of proof for punitive damages in state court is "clear and convincing". When punitive damages are determined by the state court, there can be no question that "actual malice" also was determined under the standard used for 11 U.S.C. § 523(a)(6). That standard being "preponderance of the evidence". *See Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654 (1991).

In the case at bar, the Court cannot find that collateral estoppel applies. The Court, with only the magistrate's Decision and no underlying state court transcripts or evidence before it, has reviewed a determination that there was insufficient evidence before the state court trier of fact to find "actual malice," warranting punitive damages. That determination was made using the "clear and convincing" evidence standard. The standard required in 11 U.S.C. § 523(a)(6) determinations is "preponderance of the evidence," a lesser burden of proof. Failure by the Plaintiff to meet the heightened "clear and convincing" evidence standard, does not equate to mean that the evidence also failed to meet the lesser burden of proof under 11 U.S.C. § 523(a)(6). *See Macdermid, Inc. v. Electrochemicals, Inc.,* 1998 WL 165137, at

*12. The state court's underlying judgment does not lend itself to granting Defendant's Motion on the basis of collateral estoppel. Based upon the foregoing, Defendant's Motion cannot be granted in that there is a material issue of fact in existence.

 The Court also cannot find that collateral estoppel applies based upon the state court's denial of Plaintiff's claim of interference with contract. Defendant argues that the state court did not find in favor of Plaintiff based upon a lack of finding that Defendant "intentionally procured the contract breach." (Reply, p. 3). Defendant argues that lack of finding is dispositive of the willful and malicious injury issue under 11 U.S.C. § 523(a)(6).

In reviewing the magistrate's Decision regarding the claim of interference of contract, the Court finds that the magistrate set out the elements of the interference with contract claim as: "...(1) existence of contract; (2) the wrongdoer's knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract's breach; (4) the lack of justification; and (5) resulting damages." (Magistrate's Decision, p. 15) (citations omitted). The Court also finds that the basis of the denial of this claim was that the contracts were "with the insurance companies who issued the policies rather than Plaintiff." (Magistrate's Decision, p. 15). The denial of this claim by the state court also does not lend itself to granting Defendant's Motion.

[12] Further, the Court cannot find that collateral estoppel applies based upon Plaintiff's argument that the state court found that "Michael and Matthew Painter engaged in a concerted effort to take away the Agency's [Plaintiff's] customers for themselves...." (Magistrate's decision, pp. 11–12). The Court, with only the magistrate's Decision before it, cannot determine that a "concerted" or joint effort equates to willful and malicious as it is used in 11 U.S.C. § 523(a)(6).

### VI. *Conclusion*

Based upon the foregoing, the Court hereby finds that there still is a material issue of fact in existence. Therefore, the Court hereby denies the Defendant, Matthew L. Painter's Motion for Judgment on the Pleadings.

**IT IS SO ORDERED.**