[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 403.]

CAPPARA, APPELLANT, *v.* SCHIBLEY ET AL., APPELLEES.

[Cite as *Cappara v. Schibley*, 1999-Ohio-278.]

*Torts—Negligence—Motor vehicles—Evidence of a subsequent driving record is not admissible to establish the state of mind of a driver at the time of an earlier accident.*

Evidence of a subsequent driving record is not admissible to establish the state of mind of a driver at the time of an accident.

(No. 98-81—Submitted February 10, 1999—Decided May 12, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 71399, 71368 and 71070.

———————————

{¶ 1} Appellant, James V. Cappara, was injured in an automobile accident on October 13, 1992, when a vehicle, owned by appellee Schibley Chemical Company and operated by appellee Loren Schibley, turned into the path of and struck Cappara's vehicle at an intersection. Cappara filed a complaint against Schibley for negligence and against Schibley Chemical for negligent entrustment of the company-owned vehicle. Because he believed that Schibley was under the influence of alcohol at the time of the accident, Cappara sought both compensatory and punitive damages. Schibley admitted negligence but denied that he showed a conscious disregard for the rights and safety of other persons.

{¶ 2} During a deposition taken for use at trial, Schibley testified that he had eaten dinner at a restaurant immediately prior to the accident but that he was not drunk that night. He also testified that he left the scene without stopping because he did not see the other driver who had been involved and thought he had left the scene also. Schibley testified that he drove home that night but did not

contact the police until the following morning. Consequently, Schibley did not undergo any testing to determine alcohol impairment.

{¶ 3} Clifford Roach, a security guard who was working a short distance away, was standing in a parking lot when he heard the crash. Roach testified that he looked toward the intersection and saw one of the vehicles involved back up and drive away. The vehicle pulled into the entrance of the parking lot and stopped. Roach said that he observed the driver exit the vehicle, turn, and look in the direction of the intersection where the accident had occurred. From his position inside the security gate, Roach said that he was able to see only the driver's head and shoulders. He watched the driver for approximately one to one and a half minutes. Roach testified that the driver of the vehicle appeared intoxicated based on the way he was standing and moving out of and into the vehicle.

{¶ 4} Before trial, defendants filed a motion *in limine* to exclude evidence of Schibley's prior driving under the influence (DUI) convictions as character evidence that would be unduly prejudicial. Furthermore, defendants claimed that the prior convictions were not relevant toward the negligent-entrustment claim because there was no evidence that the accident was proximately caused by Schibley's alleged intoxication. Cappara opposed the motion *in limine* and also filed a memorandum arguing the admissibility of Schibley's subsequent instances of driving while intoxicated to show his reckless disregard and conscious indifference for the consequences of his drunken driving and Schibley Chemical's continuing to entrust a company-owned vehicle to Schibley, despite his repeated arrests and convictions.

{¶ 5} The trial court ruled that Cappara could not introduce evidence of defendant's subsequent DUI convictions to establish the claim of negligent entrustment, but the convictions would be allowed on the issue of punitive damages, so long as Cappara first introduced evidence that Schibley had left the scene of the accident.

**{¶ 6}** Counsel for Cappara questioned Schibley about his driving record both prior and subsequent to the 1992 accident. Schibley admitted that he had been arrested for driving while intoxicated on two occasions prior to 1992. One occurred in July 1990 and the other was sometime prior to July 1990. Schibley also admitted that, *subsequent* to the October 1992 accident, he had been convicted of failure to yield the right of way in February 1993, DUI in July 1993, reckless operation in October 1993, and DUI in January 1994.

**{¶ 7}** The jury returned a verdict in favor of Cappara and awarded him $28,325.72 in compensatory damages. The jury made specific findings that Schibley Chemical had negligently entrusted the company-owned vehicle to Loren Schibley and that Schibley was acting within the course and scope of his employment with Schibley Chemical on the date of the accident. The jury also found that both Schibley and Schibley Chemical acted with a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm, and awarded Cappara punitive damages in the amount of $38,000. The court eventually awarded Cappara the sum of $26,534.00 for reasonable attorney fees.

**{¶ 8}** On appeal, Schibley and Schibley Chemical argued that the lower court's admission of Schibley's subsequent driving record was improper and prejudicial to prove state of mind at a prior time. The court of appeals agreed and reversed and remanded for a new trial. The court reasoned that "[i]t is seemingly impossible to show malice, *i.e.*, a defendant's state of mind and/or conscious disregard, with occurrences which were subsequent in time to the event from which the negligence arose. This issue merits no further discussion." There was no direct evidence before the court that Schibley was intoxicated at the time of the accident or that Schibley Chemical gave Schibley permission to drive the vehicle knowing that he was intoxicated. Therefore, the court concluded that such evidence was so

prejudicial that it may have unduly influenced the jury's finding that Schibley was intoxicated at the time of the accident in question.

{¶ 9} Cappara appealed the trial court's failure to award reasonable legal expenses in addition to the award of attorney fees. The court of appeals considered this cross-assignment of error moot in light of its reversal, as well as the eleven other assignments of error presented by Schibley and Schibley Chemical.

{¶ 10} This case is now before this court pursuant to a discretionary appeal.

_____

*Spangenberg, Shibley & Liber, L.L.P., Dennis R. Lansdowne* and *John R. Liber II,* for appellant.

*Williams, Sennett & Scully Co., L.P.A.*, *James A. Sennett* and *Adam E. Carr,* for appellees.

_____

**LUNDBERG STRATTON, J.**

{¶ 11} We are confronted in this case with the issue of whether a person's record of DUI convictions, subsequent in time to an earlier accident, is admissible to prove that person's state of mind, *i.e*., malice or conscious disregard for the rights and safety of other persons, at the time of the earlier accident. Because such evidence is not relevant and is highly prejudicial, we affirm the court of appeals. We hold that evidence of a subsequent driving record is not admissible to establish the state of mind of a driver at the time of an accident.

{¶ 12} Appellant argues that Schibley's subsequent driving record is admissible under Evid.R. 404(B) as "proof of motive, plan or knowledge." He claims that Schibley's subsequent DUI convictions, as well as prior instances of driving while intoxicated and evidence of intoxication at the time of this accident and fleeing the scene, establish a "pattern of vehicular misconduct" sufficient to prove Schibley's state of mind when his vehicle struck Cappara's vehicle. Appellant reasons that this court's analysis in *Cabe v. Lunich* (1994), 70 Ohio St.3d

598, 640 N.E.2d 159, should apply to any evidence of drinking and driving regardless of when such behavior occurred in relation to a vehicular accident. Appellant urges this court to establish a rule that would penalize such recurrent and repeated behavior behind the wheel.

{¶ 13} In *Cabe*, we held that evidence of a negligent driver's consumption of alcohol *prior* to a vehicular accident is relevant and admissible to establish whether the driver acted with malice in order to justify an award of punitive damages. *Id*. at paragraph two of the syllabus. Here, unlike in *Cabe*, there is no *direct* evidence of alcohol consumption prior to the accident. Furthermore, *Cabe* did not involve evidence of subsequent acts of drinking and driving. Although in *Cabe* we recognized the dangers of drinking and driving, admission of evidence of such behavior immediately *prior* to a vehicular accident does not justify admission of evidence of *subsequent* acts in order to establish the driver's state of mind at an *earlier* time. Therefore, *Cabe* does not serve as authority for appellant's position.

{¶ 14} Indeed, Schibley's DUI convictions that occurred subsequent in time to the accident in question are clearly not relevant toward his state of mind at the time of the accident. We agree with the court of appeals that "[i]t is seemingly impossible to show malice, *i.e*., a defendant's state of mind and/or conscious disregard, with occurrences which were subsequent in time to the event from which the negligence arose." To hold that Schibley's subsequent driving record is relevant and admissible to establish an ongoing "pattern of vehicular misconduct" would essentially allow a complaining party to use a person's subsequent crimes and bad acts "in order to show that he acted in conformity therewith" at the time of the accident in question. Evid.R. 404(B). This is precisely what Evid.R. 404(B) is designed to prevent.

{¶ 15} It is implausible that one's record of subsequent DUI convictions would have any relevance upon his state of mind at an earlier, unrelated event. There is no corollary between the subsequent convictions in 1993 and 1994 and

Schibley's negligence in October 1992. This is unlike the scenario in *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, where the subsequent act of destroying or falsifying medical records was sufficient to prove actual malice. In *Moskovitz*, the subsequent act was related to and a consequence of the initial negligent conduct and could have been construed as evidence of guilt. Likewise, Schibley's fleeing the scene and subsequent failure to disclose his involvement in the accident with Cappara are admissible for the purpose of attempting to establish a punitive damages award. These actions following the accident were directly related to or the result of Schibley's negligence. A separate, unrelated DUI conviction subsequent in time is not.

{¶ 16} Furthermore, this evidence was extremely prejudicial to Schibley on the issue of punitive damages and to Schibley Chemical on the claim of negligent entrustment. The jury's finding that Schibley and Schibley Chemical acted with conscious disregard for the rights of others, and its award of punitive damages, were premised upon its belief that Schibley was intoxicated at the time of the accident. However, as the court of appeals concluded, there was no direct evidence that Schibley was intoxicated at the time. There were no tests for alcohol impairment performed immediately subsequent to the accident. The only testimony implicating intoxication at the time came from the security guard, Clifford Roach, who observed Schibley from several feet way and who observed only his head and shoulders. Roach did not speak with Schibley and was not close enough to detect any alcohol odor.

{¶ 17} Schibley's previous driving convictions, admitted for the sole purpose of proving negligent entrustment, occurred more than two years prior to this accident. Thus, appellant had to rely on Schibley's entire driving record in order to prove intoxication at the time of the accident. This was obvious given Cappara's counsel's remarks in closing argument when referring to Schibley's prior DUI convictions:

"What else is out there that we don't know about? Well, I don't want you to speculate.

"I'm not going to ask you to assume that he has done other things. I want you to rely on what we brought before you today and can show you because, frankly, I don't think anybody knows what else is out there."

{¶ 18} Despite his comments to the contrary, counsel for Cappara tacitly encouraged the jury to consider Schibley's subsequent driving record in order to determine his state of mind at the time of this accident and whether Schibley Chemical had negligently entrusted its vehicle to him. The court of appeals correctly concluded that we do not know that the jury would have reached the same conclusions and awarded Cappara punitive damages had the trial court not admitted evidence of Schibley's subsequent driving record. Therefore, it is likely that his subsequent driving infractions, including the two DUI convictions, were significant factors to the jurors who concluded that Schibley, and Schibley Chemical, acted with a conscious disregard for the rights of others at the time of this accident.

{¶ 19} Because of the prejudicial nature of Schibley's subsequent driving record, the trial court's admission of the evidence did not constitute harmless error. A court's error may be considered harmless only if it does not affect the substantial rights of the parties. Civ.R. 61. "Generally, in order to find that substantial justice has been done to an appellant so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision." *Hallworth v. Republic Steel Corp.* (1950), 153 Ohio St. 349, 41 O.O. 341, 91 N.E.2d 690, paragraph three of the syllabus. Had this error not occurred, the jurors may have reached a different decision with respect to the negligent-entrustment claim and findings that both appellees acted with a conscious disregard for the rights of others. Therefore, substantial justice was not done. The error was not harmless. Because

the jury did not indicate the extent to which Schibley Chemical's negligent entrustment proximately caused Cappara's damages, and the negligent entrustment claim is so intertwined with both the compensatory and punitive damage awards, the court of appeals correctly reversed and remanded for a new trial.

{¶ 20} We are not unmindful of the dangers and serious consequences that result from persons who drive while intoxicated, whether first-time or repeat offenders. We also realize the strong public policy behind the use of punitive damages to punish malicious behavior. However, the criminal justice system is designed to impose criminal sanctions on persons who drink and drive. We would be establishing a dangerous precedent should we adopt appellant's first proposition of law. It would be inherently unfair to allow the admission of a person's subsequent record of driving while intoxicated to establish his or her state of mind at an earlier, unrelated event in time. Such evidence is not relevant, highly prejudicial, and, consequently, not admissible. Evid.R. 401 and 403.

{¶ 21} Therefore, for the reasons stated, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

DOUGLAS and RESNICK, JJ., dissent.

_____

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 22} I would find in this particular case that Loren Schibley's subsequent DUI convictions could properly be admitted to assist the trier of fact in determining Schibley's state of mind, which is relevant to determine whether Schibley acted with malice. Schibley's driving record as a whole depicts a man who shows little compunction about driving drunk. A pattern of behavior may provide limited

insight of a mindset at the time of this accident. Schibley's pattern was of a man who gave little regard for others' safety, or his own.

{¶ 23} I am not suggesting that the evidence could be admitted to prove that Schibley was driving drunk on the night of the accident, but only to show his possible mindset. To the extent that a pattern of driving drunk is relevant, the conduct immediately preceding this accident would seem to offer scarcely more insight than a continuation of the pattern immediately after this accident. Without the prior conduct, evidence of subsequent acts should not be permitted. It is repeated acts before and after when tried together that give probative value.

{¶ 24} In this limited fact pattern, I would find that the trial court did not abuse its discretion in admitting the evidence. I would reverse the court of appeals and reinstate the judgment of the trial court with respect to Loren Schibley personally. I would affirm the court of appeals' finding that the subsequent driving acts have no bearing on the case of negligent entrustment against the corporation.

_____

**DOUGLAS, J., dissenting.**

{¶ 25} I respectfully dissent. I would reverse the judgment of the court of appeals and reinstate the verdict of the jury and the judgment of the trial court.

RESNICK, J., concurs in the foregoing dissenting opinion.

_____