JOURNAL ENTRY AND OPINION
{¶ 1} Jacqueline Neal appeals from a judgment entered by Visiting Judge Norman A. Fuerst and his subsequent denial of her motion for a new trial after a jury verdict awarded zero damages on her personal injury claims. She contends the appellee, Kayla Johnson, unfairly argued that she faked her injuries and incurred unnecessary medical costs, and that the jury awarded no damages because of the unfair tactics. We reverse and remand
 {¶ 2} In December of 2000, fifty-year-old Ms. Neal was driving her 1986 Dodge Caravan eastbound on South Woodland Avenue when she stopped for a red light at the Van Aken Boulevard intersection. Ms. Johnson, also driving eastbound on South Woodland, caused the Ford Explorer she was driving to collide with the rear of the Neal vehicle. Complaining of neck and low back pain at the scene, Ms. Neal was transported by an EMS ambulance to a hospital emergency room, where x-rays were taken and she was treated and released. She received no further medical care for those complaints until March of 2001, when she began chiropractic treatment.
 {¶ 3} Ms. Neal then sued Ms. Johnson and, because liability was stipulated, the only issues for the jury were causation and damages. She testified on her own behalf, introduced her ambulance and emergency room records and bills, and introduced bills for the cost of chiropractic treatment from March 20, 2001, until June 30, 2001. She presented the testimony of Dr. Gust Gallucci, her chiropractor, who stated that he treated her for pain in her neck, back, and right leg, and that x-rays showed injuries to her lower back and neck. It was his opinion that her injuries were proximately caused by the accident, that her treatment was necessary, and that her expenses were reasonable.
 {¶ 4} Ms. Johnson, however, introduced x-rays of Neal's neck and back taken in 1997, and argued that her complaints pre-existed the collision. Through the use of photographs of the two cars, she argued that Ms. Neal could not have been seriously injured because neither car was seriously damaged and the impact of the collision was minor. She further claimed that the 1997 x-rays resulted from an earlier auto accident, but offered no evidence in support.
 {¶ 5} The jury returned a verdict awarding zero damages, and the judge denied Ms. Neal's motion for a new trial. She asserts five assignments of error, which are included in an appendix to this opinion. Within those assignments she argues: (1) that the judge erred in failing to remove a juror for cause after she indicated a prejudice against the plaintiff's suit; (2) that Ms. Johnson unfairly prejudiced the jury during voir dire by suggesting that Dr. Gallucci frequently testified on behalf of injured plaintiffs, even though she had no such evidence; (3) that Ms. Johnson made similar unfair comments during her opening statement; (4) that she introduced an inadmissible hearsay statement: to wit, that paramedics at the scene told her they believed Ms. Neal was faking her injuries; and (5) that the damages award is inadequate and against the weight of the evidence because the evidence of medical bills is uncontroverted.
 {¶ 6} We first note that Ms. Neal has waived any error concerning jury selection or jury voir dire, because that portion of the proceedings is not included in the transcript. Although she requested the entire transcript be transmitted on appeal, it remains her duty to ensure that the record is properly transmitted.[1] If the record is deficient, it is her duty to submit an alternative to a transcript under App.R. 9(C) or (D).[2] Without a record of the jury voir dire, we will not find error in Ms. Johnson's allegedly unfair questioning of potential jurors or in the judge's alleged failure to remove a juror for cause.[3]
 {¶ 7} We review the denial of a new trial motion for abuse of discretion and, therefore, we will not reverse the judge's ruling unless it is unreasonable or arbitrary.[4] Similarly, a judge's evidentiary rulings at trial are reviewed for abuse of discretion.[5] Ms. Neal claims a new trial is warranted because Ms. Johnson made a highly prejudicial comment during opening statement, even though it was later revealed that there was no evidentiary basis for it. During opening statement she claimed the evidence would show Dr. Gallucci's history of testifying on behalf of personal injury plaintiffs. The judge overruled Ms. Neal's objection to the remark, but later in the proceedings Ms. Johnson was forced to admit that she had no evidence to support her claim.
 {¶ 8} A new trial may be warranted if a party makes prejudicial or inflammatory statements during opening statement that are later shown to be unsupported by the evidence.[6]
Because Ms. Johnson had a right to present evidence of Dr. Gallucci's bias and argue it to the jury, the judge did not err in overruling Ms. Neal's objection to the opening statement.[7] However, Ms. Johnson did not have a right to make prejudicial statements in opening that she knew were unsupported by evidence, and Ms. Neal is entitled to cure that prejudice. The question here, however, is whether the error was waived when Ms. Neal failed to request a curative instruction from the judge at trial.
 {¶ 9} She objected to the remarks about Dr. Gallucci's bias in opening statement and, when Ms. Johnson's lawyer later admitted that he had no evidence of such bias, she successfully prevented Ms. Johnson from implying such bias while questioning a witness or arguing it in closing. However, she did not request that the judge give a curative instruction to the jury concerning Ms. Johnson's unsupported remarks during the opening statement. Furthermore, Ms. Neal did not point out in her objection during the opening statement, that she was challenging Ms. Johnson's ability to support the claim of bias.
 {¶ 10} A party waives error by failing to make proper objections to inappropriate statements because the judge should be given the opportunity to correct such errors at trial.[8] The issue raised here is difficult because Ms. Neal objected initially, but she did not challenge the evidentiary support for Ms. Johnson's claims at that time, and she failed to request a curative instruction when the lack of evidentiary support became apparent.[9]
 {¶ 11} Nevertheless, Ms. Johnson's lawyer deliberately made a claim that Dr. Gallucci was biased in favor of plaintiffs when he knew there was no evidence to support such a claim. Holding Ms. Neal to an exacting standard of waiver in this case would reward Ms. Johnson and her lawyer for knowingly making an unsupported, highly prejudicial assertion during opening statement, and might encourage other lawyers to engage in such conduct.
 {¶ 12} We do not wish, under any circumstances, to encourage lawyers to make unsupported, inflammatory assertions at any point during trial, nor do we wish to condone such behavior. However, it remains, in most instances, the opposing party's duty to point out the unfairness of such tactics, either by objecting at trial and seeking the appropriate cure, or by highlighting the flawed statements before the jury.[10] Because Ms. Neal did not make the basis of her objection known at the time she made it, and because she failed to request a curative instruction when the lack of evidence was made clear, we find that she waived error with respect to Ms. Johnson's unsupported claim of bias during opening statement.
 {¶ 13} Ms. Neal next claims that the judge admitted improper hearsay that had a highly prejudicial effect on the jury. Ms. Johnson testified that paramedics at the scene told her they believed Neal "was faking it, that it was the insurance." Ms. Neal objected to the statement and moved to strike it, and the judge then questioned Ms. Johnson's lawyer, who admitted that he was aware of his client's testimony and that he deliberately elicited it. After a sidebar conference, however, the judge did not sustain the objection or strike the testimony, but he instead only stated, in front of the jury, that Ms. Neal would have an opportunity to cross-examine Ms. Johnson on the issue.
 {¶ 14} Neal claims the testimony was inadmissible hearsay, and that Ms. Johnson's lawyer included it because of its highly prejudicial nature, even though he knew it was inadmissible. Ms. Johnson counters, albeit without elaboration, that the statement was admissible as a "present sense impression."[11] This exception to the hearsay rule allows a statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter * * *."[12] The rationale for allowing such statements is based on the lack of time available for reflection, and immediacy is strictly required.[13] Because there is no evidence concerning the amount of time that passed between the paramedics' observation of Ms. Neal and their statements to Ms. Johnson, the statements cannot qualify as present sense impressions.[14]
 {¶ 15} Moreover, the paramedics' statements that Ms. Neal appeared to be faking her injuries in order to make an insurance claim do not qualify as statements "describing or explaining an event[.]" An editorial comment or statement of opinion indicates reflection and interpretation, and the present sense exception is intended to allow only statements that are shown to lack such qualities.[15] Even if the paramedics' reactions were spontaneous, their subjective beliefs concerning Ms. Neal's complaints are not properly included in a description or explanation of an event.
 {¶ 16} The present sense exception allows statements to show the objective occurrence of an event or sequence of events; it cannot be so broad as to allow a declarant-observer to speculate upon an actor's motives or intent. Such issues go beyond spontaneity, and should, therefore, be subject to cross-examination. We find the judge erred in admitting the testimony, although we make no judgment concerning Ms. Neal's claim that Ms. Johnson's lawyer knew the evidence was inadmissible when he offered it.
 {¶ 17} Although the admission of Ms. Johnson's testimony was error, we can affirm the judgment if it appears the error was harmless. Under Civ.R. 61, an error is harmless if its commission did not prevent substantial justice or deprive Ms. Neal of her substantial rights. In order to find an error harmless, we must be able to conclude that the jury would have reached the same verdict even if the error had not been made.[16] Before addressing this issue, however, it is helpful to address Ms. Neal's claim that the zero damages award is not supported by the weight of the evidence.
 {¶ 18} Ms. Neal claims a new trial was warranted because the zero damages award was inadequate and showed undue influence. She claims that she was entitled to recover damages for the ambulance and emergency room visits on the date of the accident, even if the jury disbelieved the remainder of her damages claims. Therefore, she claims the zero dollar award is against the weight of the evidence, and also that it was the result of prejudice caused by the inadmissible hearsay.
 {¶ 19} While a jury award is inadequate if it fails to award damages in spite of uncontroverted evidence,[17] in rare circumstances courts have upheld zero damage awards even when the victim of an accident immediately went to the hospital.[18]
Ms. Johnson testified that the impact was not severe and that Ms. Neal's neck and back complaints existed prior to the accident. Ms. Neal testified that at impact she was jolted out of her seat and her hat flew off, and also testified to the accident's effects on her, but offered no other evidence about the severity of the accident, even though her daughter was a passenger in the car at the time. Moreover, although her husband testified about damage to the car, she did not seek to recover the cost for its repair. Therefore, the zero damages award is not against the weight of the evidence, because the jury could fairly conclude that the collision was minor and that Ms. Neal's medical bills, including her transport to the hospital and emergency room visit, were altogether unwarranted.
 {¶ 20} Although the verdict is not against the manifest weight of the evidence, it must still be reversed if the jury was unfairly influenced to return it, and the inadmissible hearsay statement that Neal was "faking it" in order to make an insurance claim was inflammatory and highly prejudicial. Moreover, a car accident victim should have the opportunity to obtain at least a preliminary medical evaluation in most instances, unless the evidence shows that the contact between the vehicles was very minor.
 {¶ 21} Therefore, even though the error concerns a single piece of testimony, the potential impact of that testimony cannot be ignored. Under the circumstances we cannot conclude, with the certainty required, that the jury would have reached the same result in the absence of the prejudicial hearsay testimony. The judge erred in admitting that testimony, and we cannot find the error harmless.
 {¶ 22} The first, third, fourth, and fifth assignments of error are overruled. The second assignment of error is sustained.
 {¶ 23} Judgment reversed and remanded.
Frank D. Celebrezze Jr., J., concurs.
Patricia A. Blackmon, P.J., concurs in Judgment only.
 ASSIGNMENTS OF ERROR "I. The trial court erred when it denied Plaintiff-Appellant'smotion for new trial."
 "II. The trial court erred when it failed to rule uponPlaintiff-Appellant's objection and motion to strike at trial."
 "III. The Defendant-Appellee committed prejudicial error attrial which was unexpected and was a surprise to thePlaintiff-Appellant that ordinary prudence could not have guardedagainst."
 "IV. The Plaintiff-Appellant was prejudiced by irregularitiesduring trial."
 "V. The jury verdict defies the weight of the evidence and isotherwise incomprehensible and is based on speculation, whichresulted in prejudice to the Plaintiff-Appellant."
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
[1] Crosby v. Butcher (Sept. 28, 1995), Cuyahoga App. No. 68808, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384.
[2] Id.
[3] Id.
[4] Sharp v. Norfolk W. Ry. Co., 72 Ohio St.3d 307, 312,1995-Ohio-224, 649 N.E.2d 1219.
[5] Calderon v. Sharkey (1982), 70 Ohio St.2d 218, 24 O.O.3d 322, 436 N.E.2d 1008, syllabus.
[6] Dillon v. Bundy (1991), 72 Ohio App.3d 767, 772,596 N.E.2d 500.
[7] See Id. at 773 (comments concerning relationship between medical expert and plaintiff's attorney were allowable when supported by evidence).
[8] Columbus v. Figge (July 11, 2000), Franklin App. No. 99AP-940, citing Fensel v. Regional Transit Auth. (Oct. 11, 1979), Cuyahoga App. No. 39395.
[9] Templeton v. DiPaolo Truck Servs., Inc., Belmont App. No. 98-BA-17, 2001-Ohio-3147.
[10] Cf. Figge, supra (judge has duty to intervene, sua sponte, only when conduct is continuing or egregious).
[11] Evid.R. 803(1).
[12] Id.
[13] United States v. Lentz (E.D.Va. 2002), 282 F. Supp.2d 399,410.
[14] United States v. Mitchell (C.A. 3, 1998), 145 F.3d 572,577.
[15] See State v. Paxton (1995), 110 Ohio App.3d 305,316-318, 674 N.E.2d 379 (audio tape containing editorial comments and speculation was outside the scope of present sense impression, and limiting instruction was insufficient to remedy the error).
[16] Cappara v. Schibley, 85 Ohio St.3d 403, 408,1999-Ohio-278, 709 N.E.2d 117.
[17] Dillon, 72 Ohio App.3d at 773.
[18] Sawyer v. Duncan (Dec. 14, 2000), Cuyahoga App. No. 78056; Trowbridge v. Delapaz (June 29, 2000), Cuyahoga App. No. 76405.