OPINION
{¶ 1} Plaintiff-appellant Eric Hook appeals from an order of the trial court denying his motion for a new trial and from the judgment awarding him $500 in damages for injury resulting from the negligence of the defendant-appellee Constance Brinker when striking him with her vehicle. Hook contends that the trial court abused its discretion in denying Hook's motion for a new trial because the jury lost its way in awarding him just $500 in damages, which did not cover the expenses of his emergency room visit after the accident. Hook contends that he was entitled to emergency room treatment, because the accident was not minor and there are no objectively discernible reasons to reject expert testimony that Hook did sustain injuries from the accident, entitling him to an emergency room visit. Because the jury found Brinker liable for the accident and Hook was entitled to an emergency room visit, Hook contends that the jury's $500 award was inadequate and against the manifest weight of the evidence.
 {¶ 2} Given that the plaintiff and defendant's experts all agree that the accident caused some injury to Hook's knee, hip, and back and that the accident involved a vehicle hitting a pedestrian without a vehicle around him to absorb some of the impact, we conclude that the accident was not minor and that an emergency room visit was warranted. Because Hook's emergency room bills totaled $1,951, and Brinker was found to be seventy percent negligent, we conclude that the jury's award of $500 in damages was inadequate and against the manifest weight of the evidence. We conclude that the trial court abused its discretion in denying Hook's motion for a new trial on the issue of damages.
 {¶ 3} Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for a new trial on damages, consistent with this opinion.
 I {¶ 4} In December, 2001, Constance Brinker struck Eric Hook with her vehicle in the parking lot of the Gourmet Wine and Beer Shop in Huber Heights. Hook was brought to the Miami Valley Hospital Emergency Room, where he complained of pain in his neck, head, and back. Hook stated that he had abdominal and hip pain at the scene of the accident, and that he may have lost consciousness, but he could not remember. Hook had x-rays taken showing no acute fractures or dislocations, and a CT scan of his head, which was negative. He was released that same day with instructions to take ibuprofen for the pain and to follow up with his family doctor, Dr. Barbara Bennett. On the date of the accident, Hook was billed $1,951 in emergency room fees including $1,732 for his emergency room visit and $219 in radiologist fees.
 {¶ 5} Five days after the accident, Hook saw Dr. Bennett. Dr. Bennett testified that Hook had bilateral knee pain, pain on the left side of his body, and multiple contusions and bruises on his left side. At his next visit, Dr. Bennet ordered x-rays and physical therapy based on Hook's complaints of pain in his knee and lower back. Physical therapy was unsuccessful. When Hook complained of pain in both of his legs at his next visit with Dr. Bennett, she ordered a lumbar CAT scan, which showed a disc herniation. Dr. Bennett referred Hook to Dr. Lynn Robbins, a neurosurgeon. In March, 2003, Dr. Robbins performed surgery on Hook's herniated disc in his lower back.
 {¶ 6} In December, 2003, Hook filed a complaint against Brinker, alleging that she was negligent in striking him with her vehicle and causing his injuries. This case proceeded to a jury trial. At trial, Hook testified that he was walking back to his car from the shop and when he stepped off of the curb, he felt a force on his left side and his feet move out from beneath him. Hook testified that he saw Brinker through the windshield looking to the left when he was on the hood of her car. Brinker testified that she left the Gourmet Wine and Beer Shop, pulled out of her parking spot, and drove to the end of the parking spaces. She testified that she looked both ways and did not see any pedestrians in sight. Brinker testified that she heard a slap on the trunk of her vehicle. She testified that she stopped her vehicle and saw Hook sitting on the curb in back of her vehicle. She testified that Hook alleged that she ran over his foot, but Brinker thought he had slapped her trunk to make her think she had hit him. Officer Charles Taylor testified that Brinker's vehicle had no damage.
 {¶ 7} The jury found Brinker to be seventy percent negligent and Hook to be thirty percent negligent. The jury awarded Hook zero damages. Because the jury's award of zero damages was inconsistent with their verdict regarding liability, the trial court sent the jury back for a second round of deliberations in order to return a consistent verdict. The jury then awarded Hook $500 in damages. Hook filed a motion for a new trial on the issue of damages. The trial court overruled Hook's motion, concluding that the jury could have reached a conclusion adverse to Hook regarding the necessity of Hook's emergency room visit, based on the testimony of Brinker's expert that no diagnosis was given by the emergency room physician and based on the testimony of Hook's expert that the emergency room records could appear inconsistent with Hook's statements to her regarding when his lumbar pain began. From the judgment of the trial court denying his motion for a new trial and the judgment awarding him $500, Hook appeals.
 II {¶ 8} Hook's First and Second assignments of error are as follows:
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR A NEW TRIAL.
 {¶ 10} "THE JURY'S AWARD WAS INADEQUATE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS IT CANNOT BE RECONCILED WITH THE UNDISPUTED EVIDENCE IN THE CASE, AND RESULTS FROM THE JURY'S FAILURE TO CONSIDER ALL THE ELEMENTS OF HOOK'S CLAIM."
 {¶ 11} Hook contends that the trial court abused its discretion in denying his motion for a new trial, because the jury lost its way in awarding him $500 in damages, which did not cover the expenses of his emergency room visit after the accident. Hook contends that he was entitled to an emergency room visit for diagnosis and treatment because the accident was not minor and there are no objectively discernible reasons to reject expert testimony that Hook did sustain injuries from the accident, rendering his emergency room visit a reasonable precaution. Because the jury found Brinker liable for the accident and Hook's emergency room visit was a reasonable and foreseeable consequence, Hook contends that the jury's $500 award was inadequate and against the manifest weight of the evidence.
 {¶ 12} Brinker contends that the trial court did not abuse its discretion in denying Hook's motion for a new trial because there was competent, credible evidence upon which the jury could conclude that any injury sustained by Hook was so minor that he would not be entitled to an award for emergency room expenses. Brinker also contends that there were objectively discernible reasons for the jury to disregard expert testimony that Hook's emergency room treatment was reasonable and necessary.
 {¶ 13} We review a trial court's decision to grant or deny a motion for a new trial under the abuse of discretion standard.Smith v. Gen. Motors Corp., Montgomery App. Nos. 21270, 21271,2006-Ohio-4283, at ¶ 30. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Under Civ. R. 59(A)(6), a new trial may be granted if the judgment is not sustained by the weight of the evidence. In deciding whether a judgment is sustained by the weight of the evidence, the standard for civil cases, taken from the criminal context, is that "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
 {¶ 14} In Walker v. Holland (1997), 117 Ohio App.3d 775,793-794, 691 N.E.2d 719, this court held that "[i]n order for the medical bills to be the subject of compensatory damages, plaintiffs were required to establish a causal connection between the defendant's negligence and the expenses, and expert testimony was required to establish the necessity of the treatment which resulted in the billings. On the other hand, simply because plaintiffs' expert testified that the billings were necessitated by the accident, they are not automatically entitled to prevail on the question of necessity, even where their expert's testimony on that point is not directly controverted by defendant's evidence, so long as there appear in the record objectively discernible reasons upon which the jury could rely to reject the expert's opinion testimony."
 {¶ 15} The Eighth District Court of Appeals has found that "a car accident victim should have the opportunity to obtain at least a preliminary medical evaluation in most instances, unless the evidence shows that the contact between the vehicles was very minor." Neal v. Johnson, Cuyahoga App. No. 83124,2004-Ohio-743, at ¶ 20. This court made a similar finding inPryor v. Tooson, Clark App. No. 2002-CA-91, 2003-Ohio-2402, at ¶ 35, when we noted that juries have denied recovery, even for emergency room medical treatment, when the collision was minor. The issue before us, then, is whether this accident was so minor that the jury could properly deny Hook recovery for his emergency room medical treatment. Brinker testified that she never saw any pedestrians, and that she heard a slap on the trunk of her vehicle, which she believed Hook caused, in order to make her think she had hit him. If the jury believed Brinker, it would be proper for the jury to deny damages, even for Hook's emergency room treatment, because any contact between Hook would have been caused intentionally by him, and would not have been caused by Brinker's negligence. But the jury found Brinker to be seventy percent negligent, and liability is not at issue in this appeal.
 {¶ 16} Hook's testimony was that Brinker hit him on the left side of his body with her vehicle and that he saw Brinker through the windshield when he was on the hood of her car. Dr. Bennett, Hook's family doctor, testified that she saw Hook five days after the accident and that he had bilateral knee pain, pain on the left side of his body, and multiple contusions and bruises on his left side. Dr. Bennett also testified, with a reasonable degree of certainty, that Hook's pain, disc herniation, and surgery were caused by the accident. Dr. Robbins testified, with a reasonable degree of certainty, that the cause of Hook's disc herniation was the accident. Dr. Kramer, Brinker's expert, testified that there was no evidence that the disc herniation was directly related to the accident, but that there was no doubt that he was injured around his knee and hip and suffered strain in his thoracic and upper lumbar region of his back.
 {¶ 17} We find no objectively discernible reasons in the record to reject the three experts' opinions. While this is not a case where the defendant's expert testimony does not directly controvert the plaintiff's experts' testimony, the defendant's expert does agree with the plaintiff's experts that some injury, even if separate from Hook's disc herniation, was caused by the accident. We note that no evidence was presented that these injuries were caused by a pre-existing condition.
 {¶ 18} Brinker argues that this case is similar to Sawyer v.Duncan, Cuyahoga App. No. 78056, 2000 WL 1844758, at *4, where the Eighth District held that an accident between two vehicles was minor "with imperceptible damage to plaintiff's vehicle upon which the jury could have questioned the authenticity of plaintiff's claimed injuries." However, the case before us is distinguishable in that it involves a collision between a vehicle and a pedestrian, rather than a collision between two vehicles. A pedestrian is less likely to cause damage to a vehicle than would another vehicle. Therefore, we could expect no damage to the car. In addition, the pedestrian — Hook, in this case — does not have a vehicle surrounding him to absorb most of the impact from the collision.
 {¶ 19} Given that the plaintiff and defendant's experts all agree that the accident caused some injury to Hook and that the accident involved a vehicle hitting a pedestrian without a vehicle surrounding him to absorb most of the impact, we conclude that the accident was not so minor that an emergency room visit was not reasonably warranted. Because Hook's emergency room bills totaled $1,951, and Brinker was found to be seventy percent negligent, we conclude that the jury's award of $500 in damages is inadequate and against the manifest weight of the evidence. We conclude that the trial court abused its discretion in denying Hook's motion for a new trial on the issue of damages.
 {¶ 20} Hook's First and Second assignments of error are sustained.
 III {¶ 21} Both of Hook's assignments of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for a new trial on damages, consistent with this opinion.
Grady, P.J., and Wolff, J., concur.