[Cite as *Am. Builders & Contrs. Supply Co., Inc. v. Frank's Roofing, Inc.*, 2012-Ohio-4661.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC.,

    PLAINTIFF-APPELLANT,           CASE NO. 9-11-41

    v.

FRANK'S ROOFING, INC., ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Marion County Common Pleas Court
Trial Court No. 2010CV0183

**Judgment Reversed and Cause Remanded**

Date of Decision: October 9, 2012

APPEARANCES:

    *James D. Wilson* for Appellant

    *Keith A. Kochheiser* for Appellees

**ROGERS, J.**

{¶1} Plaintiff-Appellant, American Builders & Contractors Supply Co., Inc. ("ABC"), appeals the judgment of the Court of Common Pleas of Marion County dismissing its complaint against Defendant-Appellee, Frank Malone, a.k.a. Lane Franklin Malone, Jr., ("Malone"). On appeal, ABC contends that the trial court erred when it excluded testimony elicited during trial via the use of pre-trial depositions, and that the trial court erred when it independently discovered and considered evidence not presented by either party at trial. Based on the following, we reverse the judgment of the trial court.

{¶2} On February 26, 2010, ABC filed a complaint against Frank's Roofing Inc., ("Frank's Roofing") and Malone (collectively "Defendants"). As to Frank's Roofing, ABC alleged that Frank's Roofing ordered goods from them between October 2009 and December 2009; that it delivered the goods to Frank's Roofing; and, that Frank's Roofing had not paid the principal amount of $67,911.51 due and owing for the goods delivered to it between October 2009 and December 2009. As to Malone, ABC alleged that in March 2009 Frank's Roofing submitted a credit application containing a personal guaranty signed by Malone, and, as a result, Malone is jointly and severally liable for the principal amount of $67,911.51.

{¶3} On July 2, 2010, Frank's Roofing and Malone filed an answer. In relevant part, Malone denied that he is jointly and severally liable for the principal amount of $67,911.51 because he did not sign a personal guaranty.

{¶4} On August 17, 2010, ABC deposed Malone.

{¶5} On October 13, 2010, ABC deposed Malone's wife, Patricia Malone, a.k.a. Patti Goings ("Patti").

{¶6} On August 29, 2011, ABC filed notices with the trial court stating that it intended to use Malone's and Patti's depositions at trial. Photocopies of Malone's and Patti's depositions were filed along with the notices.

{¶7} On September 2, 2011, the matter proceeded to a bench trial.

{¶8} On September 6, 2011, the trial court filed its judgment entry and memorandum of opinion. As to the claim asserted against Frank's Roofing, the trial court granted judgment in favor of ABC in the amount of $65,887.21.[1] As to the claim asserted against Malone, the trial court found as follows:

> As to the liability of the Defendant, Frank Malone, the Court has considered the testimony adduced at hearing and reviewed the exhibits admitted during the trial, and finds on this issue that the Plaintiff has not met its burden of proof of a preponderance of the evidence that Defendant, Frank Malone, was the person who signed the guarantee of personal liability on the credit application. Memorandum of Opinion, p. 1.

---

[1] We note that the judgment against Frank's Roofing is not being challenged in the present appeal.

Based on its findings, the trial court dismissed ABC's claim against Malone with prejudice.

{¶9} It is from this judgment ABC appeals, raising the following assignments of error for our review.

*Assignment of Error No. I*

**DEPOSITION IMPEACHMENT TESTIMONY SHOULD NOT HAVE BEEN EXCLUDED.**

*Assignment of Error No. II*

**THE TRIAL JUDGE MAY NOT CONDUCT HIS OWN INDEPENDENT EVIDENTIARY INVESTIGATION AND INTRODUCE DOCUMENTS DISCERNED THEREBY.**

{¶10} Due to the nature of ABC's assignments of error, we elect to address them together.

I.  Exclusion of Depositions and Testimony

{¶11} In its first assignment of error, ABC contends that the trial court erroneously granted Defendants' motion to strike photocopies of Malone's and Patti's depositions, as well as the testimony that resulted from the use of said depositions at trial.  Based on the following, we agree.

{¶12} Malone and Patti were the only witnesses called to testify during Defendants' case-in-chief.  Throughout the course of Malone's and Patti's cross-examinations ABC's counsel repeatedly relied on their respective depositions for purposes of impeachment.  At the conclusion of Defendants' case-in-chief,

defense counsel moved to strike Malone's and Patti's depositions and the resulting trial testimony, arguing that ABC's counsel filed photocopies of the depositions with the clerk of courts rather than originals. In response, ABC's counsel explained that photocopies of the depositions were filed with the clerk of courts so that it could present the original depositions at trial. ABC's counsel further certified that the photocopies were true, complete, and accurate copies of the original deposition transcripts. Despite ABC's explanation, the trial court sustained Defendants' motion finding that the Ohio Rules of Civil Procedure required ABC to file the original depositions with the clerk of courts.[2]

{¶13} Civ.R. 32 governs the use of depositions in all court proceedings. In relevant part, Civ.R. 32(A) provides as follows:

> Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing.
>
> At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any one of the following provisions:
>
> (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.

---

[2] The trial court did not indicate which Ohio Rule of Civil Procedure required ABC to file the *original* depositions. Trial Tr., p. 149.

Ohio courts have repeatedly held that a deposition of a witness who testifies at trial need not be filed pursuant to Civ.R. 32(A) if it is used solely to impeach the witness with his or her prior testimony. *Duboe v. Accurate Fabrication*, 10th Dist. No. 98AP-842 (July 20, 1999); *Patchett v. State Farm Ins.*, 6th Dist. No. L-94-318 (June 30, 1995); *West v. Ross*, 11th Dist. No. 90-A-1536 (May 31, 1991); *Slater v. Third Federal Savings & Loan*, 8th Dist. No. 47468 (Apr. 12, 1984); *Lehlbach v. Pumphrey*, 9th Dist. No. 3185 (Sept. 9, 1981). The rationale underlying these holdings is that the filing requirement of Civ.R. 32(A) only applies when the deposition is "intended to be presented as evidence," which does not include instances where the deposition in question is used solely for impeachment purposes. *Duboe*, *supra*.

{¶14} Here, the record reveals that the depositions were used solely for impeachment purposes. As such, Malone's and Patti's depositions did not need to be filed in accordance with Civ.R. 32(A). Consequently, we find that the trial court erred when it struck Malone's and Patti's depositions and the resulting trial testimony.

## II. Independent Judicial Discovery

{¶15} In its second assignment of error, ABC contends that the trial court erroneously conducted independent discovery. Specifically, ABC contends that the trial court erred when it questioned Malone about and retrieved a petition for a

civil stalking protection order ("the petition") that Malone filed with the trial court in November 2010. Based on the following, we agree.

{¶16} The actions constituting the alleged independent judicial discovery occurred upon the conclusion of ABC's cross-examination of Malone. After his cross-examination, the trial court asked Malone several questions, the last of which dealt with the petition Malone filed with the trial court.

> THE COURT: All right. One other question here. If I recall correctly I believe you filed a claim here about 10 or 11 months ago on a Civil Stalking Protection Order request? If I'm not mistaken, is that correct?
>
> [Malone]: Against - -
>
> THE COURT: It was some guy was complaining about a job and he sort of set up across the street from you or something, if I remember?
>
> [Malone]: Yes, sir.
>
> THE COURT: All right. Did you file that? Did you file that petition here in this court?
>
> [Malone]: I personally didn't, no, but it was - -
>
> THE COURT: You didn't sign it?
>
> [Malone]: I was in front of you, you denied the petition.
>
> THE COURT: Right, I understand that. But did you sign the petition here in this court at the Clerk's office?
>
> [Malone]: I don't remember, Your Honor.
>
> THE COURT: You're saying you did not sign it?

-7-

[Malone]: I don't - - sir, I'm on some bad drugs, nerves, I got bad nerve, I got - - they diagnosed me with dementia, I've got pain pills - - I'm a freaking pharmacy. I'm a mess. I can't remember yesterday. And I'm not trying to be rude to anybody, but I can't honestly remember things. I don't know. I remember I came up here and - -

THE COURT: Did you have somebody else sign it?

[Malone]: It's possible. I don't know, Your Honor. I don't know what that has to do with this.

[Defense Counsel]: Well, can we get a copy of it and show it to him?

THE COURT: Sure can. I have one on my desk.

[Defense Counsel]: I assume that's where you're heading?

THE COURT: I'll take a short break here. Just for 30 seconds or so. Trial Tr., p. 101-102.

Thereafter, the trial judge stepped out of the court room to retrieve the petition. Upon return, the trial judge handed the petition to Malone's counsel and Malone testified that the signature on the petition was his signature. The petition was then marked as a defense exhibit, and later admitted into evidence without objection.

{¶17} At the outset, we note that ABC did not object to the trial court's questioning concerning the petition, nor did it object to the admission of the petition into evidence. Accordingly, ABC has waived all but plain error with regard to the petition. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional

circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶18} It is well established that "[a] judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed." Jud.Cond.R.2.9(C); *State v. Bayliff*, 3d Dist. No. 2-10-08, 2010-Ohio-3944, ¶ 27 (finding that there is no authority for a trial court's independent investigation of factual issues); *State ex rel. Allstate Ins. Co. v. Gaul*, 131 Ohio App.3d 419, 434-35 (8th Dist. 1999).

{¶19} Upon review of the record, we find that the circumstances surrounding the introduction of the petition establish that the trial court conducted independent discovery. Before the trial court questioned Malone about the petition, it had not heard any testimony concerning the existence of the petition. Alone, this fact is relatively innocuous. However, when this fact is viewed in concert with the trial judge's statement that he had a copy of the petition on his desk and it would take seconds to retrieve, the only logical conclusion is that the trial judge had independently obtained a copy of the petition sometime prior to trial. We can think of no reason why the trial judge would have a readily accessible copy of the petition on his desk nine months after the petition was filed

with and denied by the trial court.[3]  Thus, we find that the record supports ABC's contention that the trial court impermissibly conducted independent discovery.

**{¶20}** Furthermore, we find that the trial court's independent discovery of the petition constitutes plain error.  As previously mentioned, "[a] judge shall not investigate facts in a matter independently."  Jud.Cond.R.2.9(C).  While the trial judge may have acted with good intentions, we, nevertheless, find, under the circumstances of the instant case, that the independent discovery of the petition seriously affected the basic fairness, integrity, and reputation of the judicial process.  Accordingly, we find the error to be plain.

### III.  Prejudicial Error

**{¶21}** Though we have determined that the trial court erred, our inquiry is not complete.  We must determine whether the errors were harmless or prejudicial.

Civ.R. 61 provides:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

---

[3] Though the record does not contain the exact date on which the petition was denied, we can reasonably assume, based on timing requirements set forth in R.C. 2903.214, which governs the issuance of civil protection orders, that it was denied within weeks of it being filed.

"Generally, in order to find that substantial justice has been done to an appellant so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision." *Cappara v. Schibley*, 85 Ohio St.3d 403, 408 (1999), quoting *Hallworth v. Republic Steel Corp.*, 153 Ohio St. 349 (1950), paragraph three of the syllabus.

{¶22} Upon review of the record, we find that the errors discussed above prejudicially affected ABC's substantial rights. Had the trial court not excluded the depositions and resulting testimony, and had the trial court not conducted independent discovery, it is very likely that the outcome of the trial would have been different. The depositions were an essential part of ABC's case against Malone, as the testimony therein contradicted Malone's and Patti's trial testimony, in which they vehemently denied that the signature on the personal guaranty, as well as other like signatures on other documents purportedly signed by Malone, were Malone's signatures. As for the petition, it was the only document admitted into evidence that both preceded the commencement of the instant case and contained a signature which, compared to the other signatures admitted into evidence, was arguably the most dissimilar to the signature on the personal

guaranty. Given the foregoing, we find that these errors and their likely effect were prejudicial to ABC.

{¶23} Accordingly, we sustain ABC's first and second assignments of error.

{¶24} Finally, we note that ABC requests this court to remand the matter with instructions that it be heard before a different judge. In essence, ABC requests this court to disqualify the common pleas judge who originally heard this matter. This court, however, does not have such authority. Authority to pass upon the disqualification of a judge of the court of common pleas is vested in the chief justice of the Ohio Supreme Court under Section 5(C) of Article IV of the Ohio Constitution, which reads:

> The chief justice of the supreme court or any judge of that court designated by him shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof. Rules may be adopted to provide for the hearing of disqualification matters involving judges of courts established by law.

Since only the Chief Justice or his or her designee may hear and decide matters of disqualification, this court is without authority to pass upon disqualification. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-42 (1978); *see also* R.C. 2701.03.

{¶25} Having found error prejudicial to ABC herein, in the particulars assigned and argued, we reverse the trial court's judgment in favor of Malone, and remand the matter for further proceedings consistent with this opinion. As for the

trial court's judgment against Frank's Roofing, that judgment was not appealed and therefore stands as ordered in the trial court's September 6, 2011 judgment entry.

*Judgment Reversed and Cause Remanded*

**SHAW, P.J., concurs in Judgment Only.**
**WILLAMOWSKI, J., concurs.**

**/jlr**