[Cite as *Ford v. Sunbridge Care Ents.*, 2016-Ohio-1122.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103031

**CAROL FORD**

PLAINTIFF-APPELLANT

vs.

**SUNBRIDGE CARE ENTERPRISES, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-825240

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** March 17, 2016

**ATTORNEYS FOR APPELLANT**

Jerald A. Schneiberg
Daniel A. Kirschner
Jennifer L. Lawther
Nager, Romaine & Schneiberg Co., L.P.A.
27730 Euclid Avenue
Euclid, Ohio 44132


**ATTORNEYS FOR APPELLEES**

**For Sunbridge Care Enterprises**

Michael J. Reidy
Nicholas W. Lanphear
Meredith L. Ullman
Ross Brittain & Schonberg Co., L.P.A.
6480 Rockside Woods Blvd. South
Suite 350
Cleveland, Ohio 44131

**For Bureau of Workers' Compensation**

Mike DeWine
Ohio Attorney General

BY:     Nancy Q. Walker
Assistant Attorney General
615 Superior Avenue, 11th Floor
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiff-appellant, Carol Ford ("Ford"), appeals the denial of two motions to exclude evidence at trial. She assigns the following two assignments of error:

> 1. The trial court erred in denying appellant's motion to exclude Dr. Fortgang's Age of Injury Analysis Report.
>
> 2. The trial court erred in denying appellant's motion in limine to exclude any evidence relating to plaintiff's separate workers' compensation claims.

{¶2} We find no merit to the appeal, and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶3} Ford was working as a state trained nursing assistant ("STNA") on July 18, 2011, when she suffered an injury to her lower back while moving a heavy patient. The injury occurred while Ford was acting within the course and scope of her employment with defendants-appellees, Sunbridge Care Enterprises ("Sunbridge"), and Ford submitted a workers' compensation claim. The Industrial Commission allowed a claim for lumbar sprain, but disallowed Ford's additional claims for two herniated discs located at L3-4 and L4-5. Consequently, Ford filed this administrative appeal of the Industrial Commission's final order to the Cuyahoga County Court of Common Pleas.

{¶4} Prior to trial, Ford filed two motions in limine to exclude (1) evidence of her previous workers' compensation claims, and (2) a medical report completed by Dr. Kenneth Fortgang ("Dr. Fortgang"). Ford sought to exclude evidence of her prior workers' compensation claims pursuant to Evid.R. 401, 402, and 403. She argued that because the sole issue for trial was whether her two herniated discs were related to her July 18, 2011 work injury, her prior workers' compensation claims were irrelevant.

**{¶5}** With respect to the second motion in limine, Ford sought to exclude an "Age of Injury Analysis Report" authored by one of Sunbridge's experts, Dr. Fortgang. Dr. Fortgang based the Age of Injury Analysis Report on a Magnetic Resonance Image ("MRI") of Ford's spine. He concluded in the report that the herniated discs at L3-4 and L4-5 existed before the July 18, 2011 injury and were either congenital or developmental abnormalities "exacerbated by degenerative changes." Ford argued that Dr. Fortgang's Age of Injury Analysis Report was hearsay and did not fall within any exceptions to the hearsay rule. Ford also argued that Dr. Fortgang's report contained an expert opinion. Dr. Fortgang did not testify at trial.

**{¶6}** The trial court denied both motions without opinion. After hearing all the evidence, the jury returned a verdict in favor of Sunbridge. Ford now appeals the denial of her motions in limine.

## II. Law and Analysis

### A. Standard of Review

**{¶7}** A trial court is vested with broad discretion in determining the admissibility of evidence so long as such discretion is exercised in compliance with the rules of procedure and evidence. *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 569 N.E.2d 1056 (1991). We therefore review the trial court's judgments on Ford's motions in limine for an abuse of discretion.

### B. Age of Injury Analysis Report

**{¶8}** In her first assignment of error, Ford argues the trial court erred in denying her motion to exclude evidence of Dr. Fortgang's Age of Injury Analysis Report. She contends the report is inadmissible hearsay because it was not created "for the purposes of medical diagnosis and treatment" and does not fall within any exceptions to the hearsay rule.

{¶9} "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Pursuant to Evid.R. 802, hearsay is inadmissible unless it falls within one of the exceptions listed in Evid.R. 803.[1]

{¶10} Dr. Fortgang did not testify at trial and was not subject to cross-examination. Yet, Sunbridge offered his Age of Injury Analysis Report to prove the matter asserted therein, i.e., that Ford's herniated discs existed prior to the work-related injury she sustained on July 18, 2011. Thus, Dr. Fortgang's report is a classic example of hearsay.

{¶11} Ford argued at trial that not even Evid.R. 803(4), which makes exceptions for certain medical records, was applicable to Dr. Fortgang's report. Evid.R. 803(4) provides a hearsay exception for statements made for the "purposes of medical diagnosis or treatment." Ford argued that Dr. Fortgang did not make his report for purposes of diagnosis or treatment. Indeed, Dr. Fortgang states in the first paragraph that he created his "consultative report" pursuant to "an aging request," and that "[i]t was not meant to be utilized or interpreted for treatment purposes."

{¶12} Sunbridge argues that because Ford did not object to the report on grounds that the report was not authenticated or that there was no foundation laid for the evidence, Ford waived any error in the admission of the report on those grounds. Sunbridge cites *Smith v. Dillard's Dept. Stores*, 8th Dist. Cuyahoga No. 75787, 2000 Ohio App. LEXIS 5820 (Dec. 14, 2000), in support of this argument.

---

[1] Evid.R. 802 also provides that hearsay may be admissible pursuant to an applicable statutory or constitutional provision, but none were raised in this case.

**{¶13}** In *Smith*, we held that a claimant's expert could testify about other doctors' opinions contained in medical reports because the reports fell within the hearsay exception provided in Evid.R. 803(6). Evid.R. 803(6) provides the "business records exception" to the hearsay rule and states that the following records are not excluded by the hearsay rule:

> memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

**{¶14}** Although Dr. Fortgang's Age of Injury Analysis Report does not identify who requested it, the report, which consists of three short paragraphs, is limited to Dr. Fortgang's opinion that Ford's herniated discs existed prior to her July 18, 2011 work injury. As previously stated, the report clearly states that it is not meant to be used for purposes of medical treatment and that it was made pursuant to an "aging request." Therefore, the report was not created in the regularly conducted business of diagnosing or treating a patient, and a reasonable inference may be made that Dr. Fortgang made the Age of Injury Analysis Report solely for purposes of this litigation. And since Dr. Fortgang was not available for cross-examination, the report was inadmissible.

**{¶15}** Further, there is no evidence in the record demonstrating that Dr. Fortgang was qualified to offer an expert opinion before his opinion was admitted into evidence. That is, Sunbridge did not lay a proper foundation for the admission of Dr. Fortgang's expert opinion as required by Evid.R. 702.

**{¶16}** Sunbridge nevertheless argues that Ford is estopped from claiming error in the admission of the report into evidence because she failed to specifically object to its lack of authentication or foundation. Evid.R. 103(A)(1) provides, in part, that an error may not be predicated on the admission or exclusion of evidence unless (1) a substantial right of the party is affected, *and* (2) "timely objection or motion to strike appeal of record stating the specific ground of objection, if the specific ground was not apparent from the context."

**{¶17}** Ford filed a motion in limine to exclude Dr. Fortgang's Age of Injury Analysis Report, arguing that the report was hearsay and did not fall within any exceptions to the hearsay rule. At trial, Ford's counsel renewed her objection and argued:

> Dr. Fortgang's MRI, Age of Injury Analysis [r]eport that was brought up on opening. I believe that it's hearsay under Evidence Rule 801, with no hearsay exception applying. And I also believe that it's expert witness testimony. It offers an opinion that was not made just for the purpose of treatment or diagnosis. Dr. Fortgang opines the cause of the disc herniations and I would like to note my objection about that report and do not believe its' admissible, because it's hearsay.

**{¶18}** Although counsel did not expressly use the terms "foundation" or "authentication," both of these concepts are apparent from the context of her argument. Counsel's objection on grounds that the report contained an expert opinion implicitly includes an analysis of the criteria necessary for the admission of expert testimony, including the foundational requirements listed in Evid.R. 702 and 705. As previously stated, counsel's argument that the report was not made for purposes of diagnosis and treatment suggests it was not made in the regular course of the business of a treating physician and constitutes inadmissible hearsay. Therefore, the trial court erred in admitting Dr. Fortgang's Age of Injury Analysis Report into evidence.

**{¶19}** We nevertheless find the trial court's error harmless. A court's error may be considered harmless if it does not affect the substantial rights of the parties. *Cappara v.*

*Schibley*, 85 Ohio St.3d 403, 709 N.E.2d 117 (1999). In this case, the admission of Dr. Fortgang's report into evidence was harmless because it was cumulative to other admissible evidence.

{¶20} Dr. Erickson discussed Dr. Fortgang's report, but did not rely on it to form his own expert opinion. Before mentioning Dr. Fortgang's Age of Injury Analysis Report, Dr. Erickson described the picture presented by the MRI as "a picture of preexisting degenerative disc disease and degenerative arthritis in the lumbar spine involving those levels that are [in] question, L3-4 and L4-5."

{¶21} During direct examination, defense counsel commented that the MRI was conducted less than three months after Ford's work-related injury, and asked if the conditions seen in the MRI could develop in three months' time. Dr. Erickson replied, "No, no, no, no. These conditions are longstanding. These conditions take years to develop." (Tr. 30.) After providing his own professional expert opinion, Dr. Erickson discussed Dr. Fortgang's report and indicated that Dr. Fortgang's aging study was "consistent" with his own opinion. (Tr. 37.) There is no evidence that Dr. Erickson relied on Dr. Fortgang's report in rendering his own expert opinion. Therefore, Dr. Fortgang's opinion that Ford's herniated discs existed prior to her July 18, 2011 injury was cumulative and did not change the outcome of the trial.

{¶22} Accordingly, the first assignment of error is overruled.

### C. Prior Workers' Compensation Claims

{¶23} In the second assignment of error, Ford argues the trial court erred in allowing Sunbridge to introduce evidence of her prior workers' compensation claims. She contends the admission of this evidence was not relevant to the issues in the case and was unfairly prejudicial.

{¶24} Ford filed a motion in limine, pursuant to Evid.R. 403(A), to exclude evidence of her prior workers' compensation claims, arguing that any probative value in the evidence was substantially outweighed by unfair prejudice. Evid.R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶25} However, perhaps for strategic reasons, Ford's counsel did not renew her objection to Ford's prior claims at trial. A party's failure to renew a pretrial objection to the presentation of evidence during trial waives all but plain error. *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 70 (Defendant waived all but plain error by failing to renew objections to the introduction of "other acts" testimony at trial following a ruling on a motion in limine.). The plain error doctrine is applicable in civil cases only where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121-123, 679 N.E.2d 1099 (1997), syllabus.

{¶26} In response to Ford's motion in limine, Sunbridge argued that evidence of Ford's prior workers' compensation claims was admissible because Ford denied having any prior low back injuries when she sought treatment from Dr. Stern. Indeed, Dr. Stern based his opinion that Ford's herniated discs were acute injuries sustained during the July 18, 2011 work-related incident, in part, on his belief that Ford had no prior low back problems. Dr. Stern might have reached a different conclusion had he known that Ford had prior back injuries. Ford also reported to Sunbridge's independent medical examiner that she had no prior back injuries.

{¶27} The probative value of Ford's misrepresentations regarding her prior history of back injuries outweighed the danger of unfair prejudice because this evidence was necessary to show that Ford's expert's opinion was not based on all the relevant facts. Although the evidence

was prejudicial to her claims, Ford caused the defendant's need to introduce the evidence by failing to provide an accurate medical history to her treating and evaluating physicians. Without evidence of Ford's misrepresentations, the jury would not have known that Ford's own medical expert lacked relevant information in determining whether Ford's herniated discs pre-existed her July 18, 2011 injury. Under these circumstances, we cannot say that the admission of Ford's workers' compensation claims constituted plain error.

{¶28} The second assignment of error is overruled.

### III. Conclusion

{¶29} Although the trial court erred in allowing Sunbridge to introduce Dr. Fortgang's Age of Injury Analysis Report into evidence, the error was harmless because the report was cumulative to other evidence and did not affect the outcome of the trial. Evidence of Ford's prior workers' compensation claims was admissible because it was necessary to show that Ford's expert opinion was not based on all the relevant facts.

{¶30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY EILEEN KILBANE, P.J., DISSENTS WITH SEPARATE OPINION

MARY EILEEN KILBANE, P.J., DISSENTING:

{¶31} I respectfully dissent. I would conclude that the trial court committed prejudicial error in denying Ford's motion in limine to exclude Dr. Fortgang's Age of Injury Analysis Report, and in denying Ford's motion in limine to exclude evidence of her prior workers' compensation claims. I would reverse and remand for a new trial.

{¶32} With regard to admission of Dr. Fortgang's Age of Injury Analysis Report, Sunbridge offered the report to prove the truth of the matter asserted therein, because he indicated that her L3-4 and L4-5 discs "have been abnormal for an extended period of time, greatly exceeding the time frame of three months." He did not testify and was not subject to cross-examination. The report is hearsay.

{¶33} I would also conclude that the report is not admissible pursuant to Evid.R. 803(4) because Dr. Fortgang indicated that the report was a "consultative report," "based upon initial interpretation provided," and "is not meant to be utilized or interpreted for treatment purposes." Therefore, the report was not "reasonably pertinent to diagnosis or treatment" as required under Evid.R. 803(4). I would also conclude that it was not admissible under Evid.R. 803(6) because it was prepared at the request of Sunbridge's attorneys for purposes of litigation only and was not as a business record.

{¶34} The majority acknowledges that the report was not admissible but concludes that its admission was harmless. I do not agree, as it was repeatedly mentioned during trial and was discussed by Sunbridge's expert, Dr. Erikson, who stated that Dr. Fortgang's report was consistent with his own opinion.

**{¶35}** With regard to the admission of Ford's prior workers' compensation claims, evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Nevertheless, even relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). Further, relevant evidence "may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403(B).

**{¶36}** Here, Sunbridge was permitted to advise the jury in opening argument that Ford had made prior injury claims from 1988 through 2001. Sunbridge then introduced evidence concerning Ford's 1988 claim for a lumbar sprain; a 1994 claim for a muscle spasm; a 1997 claim for a thoracic sprain, with a disallowed component for lumbar sprain; a 1998 claim for a leg contusion; a 1999 claim for a dislocated shoulder, shoulder sprain and lumbrosacral sprain; 2000 claim for a thoracic sprain; and 2001 claim for lumbar sprain. I would conclude that the minimal probative value of this evidence was outweighed by its extremely prejudicial and inflammatory effect.

**{¶37}** I would conclude that this evidence did not have the tendency to make the crucial disputed fact of Ford's right to workers' compensation benefits more probable or less probable than it would be without this evidence under Evid.R. 401. Approximately half of these claims do not even pertain to the lumbar region, and there is no indication that they address the disc herniations at the core of Ford's case, or the degenerative changes at the core of Sunbridge's case. Though a substantial amount of other acts evidence was presented, it was, at best, minimally probative.

**{¶38}** I would additionally conclude that under Evid.R. 403, the intended probative value of this evidence was substantially outweighed by the danger of unfair prejudice, of confusion of the issues, and its tendency to mislead the jury. It is important to bear in mind that Ford was required to prove her claim in this matter by a mere preponderance of the evidence, not beyond all doubt. In addition, the testimony plainly indicated that an individual with a low-back sprain can have a new unrelated injury years later. Further, the record indicates that the latest claim, the 2001 claim for a low-back sprain, was resolved without ongoing treatment. Indeed, Ford testified that she did not have ongoing problems and did not receive ongoing treatment from the earlier claims. Moreover, the quantity of this evidence, especially in light of its marginal probative value, created the possibility of inflaming the jury and prejudicing Ford's case. This evidence had the danger of creating the impression that Ford is a chronic complainer, despite the fact that she has a very physically demanding job, and the claims extend over a 25-year period.

**{¶39}** The majority concludes that Ford "caused the defendant's need to introduce this evidence by failing to provide an accurate medical history." Neither witness retained by Sunbridge opined that the prior claims caused the present lumbar 3-4 disc herniations or lumbar 4-5 disc herniations at issue herein, however. To the contrary, Sunbridge's expert, Dr. Erickson, stated that "it doesn't matter" that Ford had prior workers' compensation claims regarding her lower back because this fact would not change his opinion that the injury was simply degenerative. In addition, in his initial assessment, Dr. Stern opined that the disc herniations were related to the 2011 injury.

**{¶40}** I would conclude that the challenged evidence was inadmissible and prejudiced Ford's trial on the issue of her right to participate in the workers' compensation fund for herniated discs L3-4 and L4-5. I would reverse and remand for a new trial.